**Robert D. HAASE, Commissioner of Insurance for the State of Wisconsin as Liquidator of Market Mens Mutual Insurance Company, and Robert M. O'Hara, Trustee of Market Mens Management Agency, Inc., a Wisconsin corporation, bankrupt, Plaintiffs,**

v.

**Michael GILBOY, Defendant.**

No. 65-C-49.

United States District Court
E. D. Wisconsin.

Sept. 28, 1965.

Irvin Charne and Donald S. Taitelman, Milwaukee, Wis., for plaintiff Robert D. Haase.

William G. Cavanaugh, Jr., Milwaukee, Wis., for plaintiff Robert M. O'Hara.

James B. Sloan, Chicago, Ill., Frank T. Crivello, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Defendant has moved for transfer of this case from the United States District Court for the Eastern District of Wisconsin to the United States District Court for the Northern District of Illinois, Eastern Division, on grounds of considerations of convenience and justice and of impropriety of the transferor forum.

The action is based on breach of fiduciary duties. Plaintiff Haase, the Insurance Commissioner of the State of Wisconsin, has his official residence in Madison, Wisconsin. He brings this action as liquidator of Market Mens Mutual Insurance Company by virtue of appointment by the Circuit Court of Milwaukee County. Prior to liquidation, the insurance company had its principal place of business in the Eastern District of Wisconsin. Plaintiff O'Hara is the trustee in bankruptcy of Market Mens Management Agency, a Wisconsin corporation, and is a resident of the Eastern District of Wisconsin. Defendant Gilboy was president and a director of the insurance company and the defunct management agency. He is a resident of the Northern District of Illinois.

Section 1404(a), Title 28 U.S.C.A., provides for transfer of any civil action from one proper forum to another "For the convenience of parties and witnesses, in the interest of justice, * * *." Defendant contends that prolonged prejudicial publicity in the Eastern District of Wisconsin concerning the affairs of the now defunct corporations he served as president and delay in the disposition of the case due to the congested court calendar in the United States District Court for the Eastern District of Wisconsin may prejudice his right to a fair and expeditious trial. It is submitted that the proposed transferee forum is more convenient for the majority of the witnesses to be called in the case. Further, it is claimed that access of proof in view of the relative positions of the parties—i. e. the individual defendant and the plaintiffs who are suing in a representative capacity—renders the Northern District of Illinois a more convenient and economical forum.

The record on this motion reveals that there has been prolonged, generally un-

favorable publicity concerning the affairs of the defunct corporations and their officers in the Eastern District of Wisconsin. Defendant has offered some 121 clippings of stories printed in the Milwaukee Journal and the Milwaukee Sentinel, the principal newspapers in this area, which generated with the insurance commissioner and his representatives as matters of public interest. The court notes that the gist of these stories may reasonably be deemed to have created an unfavorable public image of defendant Gilboy in his association with the defunct corporations. The question whether or not defendant may therefore be unable to obtain an unbiased jury in this case is premature.

Defendant has further offered proof concerning the estimated length of time required to bring the case to trial in the transferor and transferee districts. Defendant has been unable to find employment in his occupation as insurance consultant because of the matters involved in the pending litigation, and any delay in the disposition of the case is claimed to affect him adversely in his financial and social relations.

The record further discloses that defendant anticipates calling thirty-four witnesses. Of these witnesses, thirteen reside in Chicago, Illinois, in the Northern District of Illinois; six in Milwaukee, in the Eastern District of Wisconsin; five in Madison, in the Western District of Wisconsin; eight in Kansas City, Missouri; and two in Minneapolis, Minnesota. Plaintiff Haase intends to call seven witnesses from Milwaukee, two from Madison, and an unspecified remainder who, with the exception of two persons, reside in districts other than the Eastern District of Wisconsin and the Northern District of Illinois. The majority of the unspecified number of witnesses to be called by plaintiff O'Hara reside in the Eastern District of Wisconsin. On this record the court finds that a majority of the prospective witnesses reside in districts other than the Eastern District of Wisconsin. Attendance of this majority of witnesses from

places other than the State of Wisconsin is facilitated and rendered more convenient in the Northern District of Illinois because of superior rail and air travel facilities and connections from the witnesses' places of residence to Chicago, Illinois.

Sources of proof in this case include the books and records of the defunct corporations located in the Eastern District of Wisconsin and auditors' and examiners' records located in Chicago, Illinois, and in Kansas City, Missouri. It may be assumed that for purposes of preparation for trial, these sources would be available to the Wisconsin plaintiffs at their present locations. No indication has been given of the volume of documents necessary to the trial that would have to be transported to the forum.

Process for the compulsory attendance of witnesses in this action and in any possible third party claim is equally available in the transferor and transferee forum.

On this record the court finds that the totality of the circumstances here disclosed, including the relative positions of the parties, the unfavorable publicity and the likelihood of delay in trial, and particularly the dictates of the convenience of the witnesses, render the Northern District of Illinois a more appropriate forum to secure the easy, expeditious and inexpensive disposition of the case intended to be achieved by the provisions of Section 1404(a), Title 28 U.S.C.A. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Wilson v. Ohio River Company, 234 F. Supp. 283, 285 (W.D.Pa.1964).

In view of the court's decision as to transfer on considerations of convenience and justice, the question of the propriety of the transferor forum need not be reached.

Defendant's motion to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division, is hereby granted. The clerk is directed to enter an order accordingly.