**Walter BEACH III, Plaintiff,**

v.

**NATIONAL FOOTBALL LEAGUE and Cleveland Browns, Inc., Defendants.**

**No. 71 Civ. 2383.**

United States District Court,
S. D. New York.

Sept. 16, 1971.

---

* If the Court of Appeals affirms the ruling of this Court, many weeks of trial may be averted.

Breed, Abbott & Morgan, New York City, for plaintiff by Robert A. Bicks, Joseph P. Dailey, New York City, of counsel.

Royall, Koegel & Wells, New York City, for defendants by H. Allen Lochner, Stanley Godofsky, New York City, of counsel.

GURFEIN, District Judge.

This is a motion by the defendants for transfer of the action to the District Court for the Northern District of Ohio, Eastern Division, pursuant to U.S.Code Title 28, Section 1404(a).[1] The action is an antitrust action under 15 U.S.C. § 15 and 15 U.S.C. § 1 charging violations of the Clayton Act and the Sherman Antitrust Act. The plaintiff is a professional football player. He is black. He was a player on the Cleveland Browns, was released on waiver and selected by no other football team. He charges that there was a conspiracy between the Cleveland Browns, the National Football League and its fifteen teams to deny him employment because of his expression of his political views and his race. Plaintiff avers that he now lives in New Haven which is close to the Southern District of New York and that he brought the action here for that reason.

The defendants contend that, although the National Football League is located in New York, the principal witnesses (for the defendants) will be coaches, players and sportswriters who reside in Cleveland, Ohio, that the League records can easily be brought to Cleveland, and that the trial of the action in New York if it should come in the football season would be disruptive of the teamwork of the Browns. The plaintiff swears that he will have to abandon the action if it is transferred to Ohio for lack of funds to carry the additional burden of discovery and trial further away from his home.

We may assume that, in whichever Court the trial will be held, a mutual arrangement will be allowed by the Court to avoid a trial during the football season. The claim is not local; it is in-

---

1. § 1404(a) reads:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

terstate in character. Both sides will presumably examine witnesses from a number of the teams charged as co-conspirators.[2] None of these teams except the Browns is in Cleveland; none except the Giants is in New York.

One can pull a variety of categorical precedents from the shelves on either side of a motion to transfer. But the real test is fairness and the interests of justice, conceptions which elude certainty. Generalizations are of limited value. But we note that in a private antitrust suit the plaintiff generally has a wide choice of venue. American Football League v. National Football League, 27 F.R.D. 264, 267 (D.Md.1961); O'Neil Trucks Pty. Ltd. v. Pacific Car and Foundry Co., 278 F.Supp. 839, 842–843 (D.Haw.1967). Unless the balance of convenience of parties and witnesses and the interests of justice is strongly in favor of the defendants the action should not be transferred, although the balance in favor of transfer need not be quite as strong as it would have to be under the doctrine of *forum non conveniens*. A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 444–445 (2 Cir. 1966); Ferguson v. Ford Motor Co., 89 F.Supp. 45, 50 (S.D.N.Y.1950). A mere showing of inconvenience to the defendants is not enough to warrant transfer where it would shift the expense and inconvenience to the other party. Schmidt v. American Flyers Airline Corp., 260 F. Supp. 813, 815 (S.D.N.Y.1966). That is particularly true in private antitrust suits. Here we must consider the relative financial position of the parties, see Cinema Amusements v. Loew's Inc., 85 F.Supp. 319, 327 (D.Del.1949); General Portland Cement Co. v. Perry, 204 F.2d 316, 320 (7 Cir. 1963), the unlikelihood of a trial in the football season, and the

relatively equal inconvenience to many potential witnesses whether the action is tried in Cleveland or New York. The defendants emphasize the testimony by which they propose to show that Beach was just not a good enough football player and that this was the only reason for his release on waiver. But that is only part of the case. The plaintiff alleges a far flung conspiracy to blacklist him for his views. The location of such conspiracy is not in the City of Cleveland but is in many places where the various teams made their headquarters. Singling out one phase of the case on the issue of convenience is not determinative of the whole.

Significantly, a principal defendant, the National Football League does have its headquarters and records in New York. The plaintiff's choice of forum cannot be said to be unrelated to New York.

While the defendants demonstrate that many of the witnesses may well be from Cleveland they have not shown that the preponderance of the vital testimony will necessarily come from persons there situate.

That a trial may be had more quickly in the Northern District of Ohio than in the Southern District of New York is not controlling on a motion under 1404(a) where there is no unusual reason for speed.

Accordingly, balancing plaintiff's lack of financial means (he is, quite apparently, not a rich man) against the segment of the case that may be local to Cleveland, we hold that in the interests of justice the action should not be transferred.

Motion to transfer denied.

---

2. The fifteen football teams named as co-conspirators are located in New York, Atlanta, Chicago, Dallas, Los Angeles, Pittsburgh, San Francisco, New Orleans, Baltimore, Detroit, Green Bay, Minnesota, Philadelphia, St. Louis and Washington, D.C.