MEMORANDUM DECISION
 

 ROBERT L. CARTER, District Judge.
 

 The plaintiff, the City of New York (N.Y.), has instituted this class action alleging that the defendant, General Motors Corporation (G.M.), has violated Section 2 of the Sherman Act, 15 U.S.C. § 2 and Section 7 of the Clayton Act, 15 U.S.C. § 18, by monopolizing the trade and commerce in mass transportation buses. The defendant does not contest the jurisdiction of this court or that venue in this district is proper. Rather G.M. has brought on this motion to transfer the action to the Eastern District of Michigan, pursuant to the provisions of 28 U.S.C. § 1404(a).
 
 [1]
 

 The defendant claims to be entitled to relief under the provisions of § 1404(a) in that: 1) the defendant’s business operations, records and personnel are located in Michigan and a trial in New York would be a “substantial inconvenience;” 2) prejudicial pretrial publicity will deprive defendant of a fair trial in this district; 3) the complaint seeks relief which is already the subject of a final judgment in the United States District Court in the Eastern District of Michigan and that coordination of relief in this case with that final judgment may best be accomplished by the Michigan court.
 

 The party seeking to invoke the transfer provisions of § 1404 must establish not merely that the existing forum is inconvenient, but that the balance of conveniences weighs clearly and substantially in favor of the proposed transfer. Beach v. National Football League, 331 F.Supp. 249 (S.D.N.Y. 1971), General State Authority (of Pa.) v. Aetna Casualty & Surety Co., 314 F. Supp. 422 (S.D.N.Y.1970). The court will not readily disturb plaintiff’s choice of venue, Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970) cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971), Brody v. American Medical Association, 337 F.Supp. 611 (S.D.N.Y.1971), especially where a transfer would merely shift the burden of inconveniences. The determination of when transfer is appropriate is not subject to the mere application of a neat mathematical equation; rather the court must consider the interests of justice and fairness to all parties, Beach v. National Football League,
 
 supra,
 
 and the decision normally lies within its sound discretion. Wyndham Associates v. Bintliff, 398 F.2d 614, 621 (2d Cir. 1968).
 

 It is undoubtedly true that defendant will suffer inconvenience due to a trial in New York, since its main office, records and officers are in Detroit. However defendant does have a principal office in this city and the corporation’s presence here is clearly substantial. Thus it would seem that the inconvenience to defendant is less than the inconvenience of a Detroit trial would be for the plaintiff.
 

 Defendant further contends that adverse pretrial publicity in this district will deprive it of a fair trial. Adverse publicity is certainly a factor which a court may consider in determining the propriety of transfer pursuant to § 1404, Haase v. Gilboy, 246 F.Supp. 594
 
 *329
 
 (E.D.Wis.1965). The publicity in this case, however, is not sufficient, standing alone, to warrant transfer and even when considered along with all other factors raised by the defendant, the publicity does not rise to such proportions as to justify a different result. The prejudicial publicity in
 
 Haase
 
 was far more extensive than the adverse publicity documented here and still the
 
 Haase
 
 court seemed to rely on other more substantial grounds to justify its decision to transfer.
 

 
 *326
 
 “Moreover, although there has traditionally been a presumption that an overruling decision is intended to receive general retroactive effect, the more modern view is that unless the overruling court expressly indicates in the overruling ease to what extent the overruling decision is to be given retroactive effect,
 
 lower courts are entitled to reach their own conclusions as to the issue of retroactivity until the overruling court expressly clarifies how much retroactive effect its overruling decision is to receive."
 
 (emphasis supplied)
 

 
 *329
 
 Finally, I do not find persuasive defendant’s contention that this action should be transferred so as to permit coordination with a final judgment entered in an earlier action instituted by the Department of Justice. In the first place the reading and interpretation of that decree would not seem to pose insurmountable difficulties for this court. Secondly, the unrefuted statements by the plaintiff indicates that the only two judges who participated in the earlier action are now deceased and therefore the Michigan court possesses no special reservoir of expertise. Finally, even if it be admitted that relief in this case (assuming liability to exist) could more easily be coordinated by the district court in Michigan, I do not believe that the interests of justice demands, clearly and substantially, that the case be transferred. It is of course true that the final relief awarded is the culmination of the litigational process and certainly the ability to frame properly such relief is a factor which may be considered in a § 1404 motion. But the relief is only the final step in a complex and undoubtedly protracted lawsuit such as this. The interests which would support a transfer because of possible difficulty in concluding the action, must not be allowed to overshadow those which tend to promote plaintiff’s choice of forum throughout the entire course of this litigation.
 

 I find therefore that the defendant has not made any clear showing of inconvenience which would warrant a transfer pursuant to § 1404, and on the contrary, in balancing all the equities involved, I conclude that proceeding in this district is proper, logical and appropriate. Defendant’s motion is therefore denied.
 

 So ordered.
 

 [1]
 

 . 28 U.S.C. § 1404(a) provides—
 

 “Por the convenience of parties and witnesses, in tlio interest of justice, a district, court may transfer any civil action to any other district or division where it might have been brought.”