In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtors.

LIONEL LEISURE, INC., Plaintiff,

v.

TRANS CLEVELAND WAREHOUSES, INC., Defendant.

Bankruptcy Nos. 82 B 10318–10320 (EJR).

Adv. No. 82–5623–A.

United States Bankruptcy Court, S.D. New York.

Oct. 28, 1982.

Angel & Frankel, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for debtors.

Greenhill, Speyer & Thurm, New York City, Conklin & Adler, Ltd., Chicago, Ill., for defendant.

## DECISION ON MOTION FOR CHANGE OF VENUE

EDWARD J. RYAN, Bankruptcy Judge.

On April 30, 1982, Chapter 11 debtor in possession, Lionel Leisure, Inc. ("Leisure"), commenced an adversary proceeding against defendant Trans Cleveland Warehouses, Inc. ("Trans Cleveland"), seeking to recover for inventory shortages arising from Trans Cleveland's alleged improper storage and handling of Leisure's merchandise at Trans Cleveland's warehouse located in Cleveland, Ohio. On May 19, 1982, Trans Cleveland moved this Court for an order transferring venue to the Bankruptcy Court for the Northern District of Ohio. For the reasons set forth below, the motion is denied.

On January 28, 1980, Leisure and Trans Cleveland signed a contract (the "Agreement"), whereby Trans Cleveland agreed to receive and store Leisure's inventory for distribution to Leisure's retail stores in Ohio. Leisure seeks damages in the amount of $178,000 for losses incurred as a result of Trans Cleveland's alleged breach of contract and alleged negligence for the period from January 1, 1981, until termination of the Agreement in October, 1981.

Defendant contends that a transfer of venue to Ohio would be in the interests of justice and for the convenience of the parties, pursuant to the requirements of 28 U.S.C. § 1475. In support of this contention, defendant argues that (1) the Agreement was negotiated in Ohio; (2) there are witnesses in Ohio whose testimony will be required for a presentation of the case; (3) certain witnesses living in Ohio are beyond the compulsory process of the Federal courts in New York and may be unwilling to testify in New York; (4) the relevant records to be examined are kept at various retail stores located in Ohio; and (5) the contract laws of Ohio, which differ from those of New York, must be applied and that disputes governed by Ohio law may best be resolved by Federal courts familiar with Ohio law. Defendant concludes that transfer of the proceeding to Ohio would promote the convenience of the witnesses, decrease costs relating to witness travel and accommodation expenses, solve the potential compulsory service difficulties, and significantly improve ease of access to the documents and records which are likely to be offered into evidence.

On a motion to transfer venue, a heavy burden of proof rests on the moving party to demonstrate that the balance of convenience clearly weighs in his favor. See *Factors Etc., Inc. v. Pro Ants, Inc.,* 579 F.2d 215 (2d Cir.), *cert. denied sub nom. Pro Ants, Inc. v. Factors, Etc., Inc.,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *In re Line By Dakota, Inc.,* 8 B.R. 643 (Bkrtcy. D.S.Dakota 1981); *Matter of Galanis,* 6 B.R. 900 (Bkrtcy.D.Conn.1980). Although defendant's argument is not without merit, it is not sufficiently weighty to tip the scales in favor of transfer.

At the outset, we note the general presumption that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending. *See In re Nixon Machinery Company,* 15 B.R. 131 (Bkrtcy.E.D.Tenn.1981); *Matter of Trim-Lean Meat Products, Inc.,* 11 B.R. 1010 (D.C.D.Del.1981). That plaintiff's choice of forum in New York is appropriate, pursuant to 28 U.S.C. § 1473(a), is not challenged.

Defendant's allegations are not uncontested. Plaintiff asserts that the questioned Agreement was partially negotiated in Philadelphia; that the lack of compulsory process of unwilling witnesses will not be an issue, due to assurances it has received from certain prospective witnesses; that ease of access to relevant business records will not be significantly enhanced by transfer, since duplicates of such records exist and are kept in Philadelphia; that the interests of Ohio in this litigation are *de minimis;* that the New York courts are capable of interpreting the contract laws of the State of Ohio; and, finally, that transfer to Ohio would increase expenses for the debtor, who would be forced to retain outside counsel and pay for travel expenses of certain named witnesses.

Plaintiff's arguments against transfer are buttressed by the defendant's failure to clearly specify the identity of the key witnesses to be called, a requirement where convenience of the witnesses is at issue. *See Vassallo v. Niedermeyer,* 495 F.Supp. 757 (S.D.N.Y.1980); *Prentice-Hall Corp. v. Insurance Company of North America,* 81 F.R.D. 477 (S.D.N.Y.1979). Nor has the defendant brought to the Court's attention any specific interest of the State of Ohio which would be impaired were this proceeding to continue in New York.

Moreover, defendant has not established that the economic and efficient administration of the debtor's estate would be enhanced by a transfer. On the contrary, although defendant's expenses would be reduced, the debtor's expenses would certainly increase. Where this most important objective, the economic and efficient administration of the debtor's estate, is jeopardized, transfer is not appropriate. *See In re Cole Associates, Inc.,* 7 B.R. 154 (Bkrtcy. D.Utah 1980); *Matter of Galanis, supra,* 6 B.R. 900; *In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239 (5th Cir. 1979); 1 Collier on Bankruptcy ¶ 3.02[4](b) (15th ed. 1982).

As was stated in *City of New York v. General Motors Corp.,* 357 F.Supp. 327, 328 (S.D.N.Y.1973), "[t]he party seeking ... [transfer] ... must establish not merely that the existing forum is inconvenient, but that the balance of convenience weighs *clearly and substantially* in favor of the proposed transfer." (Emphasis added). This the defendant has failed to do. In such a case the plaintiff's choice of forum is not to be disturbed. *See Breindel v. Levitt and Sons, Inc.,* 294 F.Supp. 42 (E.D.N.Y. 1968); *Ford Motor Company v. Ryan,* 182 F.2d 329 (2d Cir.), *cert. denied,* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). Defendant's motion to transfer venue must, therefore, be denied.

Settle an appropriate order.