**In re John William WALBRIDGE and Constance Walbridge, Debtors.**

**Rose JONES, Plaintiff,**

v.

**John William WALBRIDGE, Defendant.**

**Bankruptcy No. 84–00682–L.**
**Adv. No. A84–254.**

United States Bankruptcy Court,
D. Massachusetts.

July 16, 1985.

Michelle Sutter, Weick & Gibson, Cuyahoga Falls, Ohio, for plaintiff.

Theodore J. Koban, Koban & Cerrone, Attleboro, Mass., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR TRANSFER OF CASE AND MOTION FOR TRANSFER OF ADVERSARY PROCEEDING

THOMAS W. LAWLESS, Chief Judge.

The Court has before it two related motions. The first is the Motion of Rose and David Jones, Ceram-Dent, and Falls River Savings and Loan Association, all creditors herein, seeking to transfer the instant case to the Bankruptcy Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1475. The second is the motion of Rose Jones to transfer the adversary proceeding she has filed against John Walbridge to the Bankruptcy Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1475. The debtors have opposed both motions.

Debtors filed their Chapter 7 petition on May 15, 1984. Until two years prior to that time, Dr. Walbridge, a dentist, had been practicing in Ohio. Financial difficulties caused Dr. Walbridge to relocate to Massachusetts, where, at the time of filing, he was seeking to develop a practice. The moving parties are Ohio creditors whose debts were incurred prior to the debtors' relocation.

The adversary complaint filed by Rose Jones alleges that a debt owed to her by Dr. Walbridge is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and (a)(2). In particular, it is alleged that Dr. Walbridge

willfully and intentionally made false statements to her about both his expertise in the field of dental implants and the rate of success of the dental implant procedure. She claims that she underwent dental implant surgery in reliance upon these representations, and suffered injury. The complaint also alleges that Dr. Walbridge deliberately deceived plaintiff into believing that he would stay in Ohio while actually intending to relocate to Massachusetts.

█ A case brought under Title 11 may be transferred to a Bankruptcy Court for another district pursuant to 28 U.S.C. § 1475 when the transfer is "in the interest of justice and for the convenience of the parties." The burden of proof regarding the issue of change of venue is on the party requesting the transfer and such burden must be carried by a preponderance of the evidence. *In re Advent Corp*, 20 B.R. 561, 562 (Bankr.D.Mass.1982). The party seeking transfer "... must establish not merely that the existing forum is inconvenient, but that the balance of convenience weighs clearly and substantially in favor of the proposed transfer." *In re Lionel Corp.*, 24 B.R. 141, 143 (Bankr.S.D.N.Y. 1982) "Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the ... choice of forum should not be disturbed." Moore's Federal Practice ¶ 145(5) at 1616, n. 5 (2d ed. 1979) quoting *Deluxe Game Corporation v. Wonder Products Co.*, 166 F.Supp. 56, 61 (S.D.N.Y.1958). *See also In re Lionel Corp.*, 24 B.R. 141, 143 (Bankr.S.D.N.Y.1982) (presumption exists that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending).

█ The parties seeking a change of venue in the instant case have failed to meet this burden. Although some assets of the estate and some creditors are situated in Ohio, the majority of the estate's assets are located in Massachusetts, and the majority of creditors are located outside Ohio. Debtors now reside in Massachusetts and Dr. Walbridge's business is now located in Massachusetts. Neither debtor has any current business or financial dealings within Ohio. In addition, there is an alleged post-petition transfer of certain assets of the estate made by the debtor .within Massachusetts which requires further investigation by the Trustee.

█ With respect to the adversary proceeding, while it is true that some of plaintiff's witnesses are located in Ohio, the inconvenience caused the plaintiff by this Court's retention of this matter can be minimized through the use of deposed testimony, protective orders, and factual stipulations among the parties. The convenience to the plaintiff of transferring this matter to Ohio would clearly be outweighed by the resulting harm to the economic and efficient administration of the debtors' estate. "Where ... the economic and efficient administration of the debtor's estate is jeopardized, transfer is not appropriate." *In re Lionel Corp.*, 24 B.R. 141, 143 (Bankr. S.D.N.Y.1982).

Accordingly, an order shall enter denying both Motions.