**In re ALEDO FINANCIAL SERVICES, INC., an Arizona corporation, Debtor.**

**In re ALEDO TRANSNATIONAL TRADING CORP., aka Aledo Transnational Trading Corp., Transpacific Division, Debtor.**

**In re ALEDO MANAGEMENT SERVICES, a Nevada corporation, Debtor.**

**In re ALEDO BEVERAGE CORPORATION, a California corporation, Debtor.**

**William G. HAYS, Jr., Trustee, Plaintiff,**

**v.**

**Douglas R. and Marcia L. BERG, husband and wife, et al., Defendants.**

Bankruptcy Nos. B-84-3394-PHX-GBN, B-84-3395-PHX-GBN, B-85-415-PHX-GBN and B-85-422-PHX-GBN.

Adv. No. 85-453-GBN.

United States Bankruptcy Court, D. Arizona.

Aug. 14, 1986.

Charles G. Case II, Lewis & Roca, Phoenix, Ariz., for plaintiff.

Christine M. Kazanas, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for Leisure Lake Mobile Homes, Gordon & Wolfsen.

John J. Hebert, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for Cowley, MacDonald & Hawkins.

J. Kent MacKinlay, MacKinlay & Bradshaw, Mesa, Ariz., for Gunnell, Gunnell Properties, DEO Inv. Co. & Tuomisto.

## MEMORANDUM OF DECISION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

This matter is before me on the joint motion of defendants Gunnell, Scott, Gunnell Properties, DEO Investment, Tuomisto, Cowley, Hawkins and MacDonald ("certain Arizona defendants") to reconsider an order entered orally on April 9, 1986 and temporarily stayed, to transfer this adversary proceeding to the Northern District of California. In the alternative, movants seek bifurcation or severance of the cause of action to afford them an Arizona trial. Because they have failed to carry their

burden of proof in the matter, the motions will be denied. The facts necessary to an understanding of this decision follow.

## I

A number of related debtors currently have their Chapter 11 cases jointly administered by an appointed trustee, William G. Hays, Jr. ("plaintiff"). 11 U.S.C. § 1104(a); Rule 1015(b), *F.Bk.R.* Plaintiff instituted several adversary proceedings, including the instant action, alleging essentially that defendants' receipt as limited partners or investors of certain payments constituted an avoidable preference or a fraudulent transfer within the meaning of the Bankruptcy Code. 11 U.S.C. §§ 547(b); 548(a); Rule 7001(1). Following briefing and oral argument, the motion of defendant Leisure Lake Mobile Home Estates ("Leisure Lake") to transfer venue of this adversary from Arizona to the Northern District of California was granted on April 9, 1986. Because of a dispute over the form of the order, the subsequent grant of a stay and the pending motion of certain Arizona defendants to reconsider, no formal written order has been issued at this writing.

## II

■ The Arizona movants urge the order be reconsidered or a severance be afforded. An adversary proceeding may be transferred to another district in the interests of justice or for the convenience of the parties. 28 U.S.C. § 1412. Separate trials can be ordered in the trial court's discretion for convenience, to avoid prejudice and where conducive to expedition and economy. *T.D.S. Inc. v. Shelby Mutual Insurance Co.*, 760 F.2d 1520, 1535 (11th Cir.1985); Rules 7020, 7042. No party contests my jurisdiction to dispose of these matters by issuing a final order. *See In re Oceanquest Feeder Service*, 56 B.R. 715, 717–20 (Bankr.Conn.1986); *In re Leonard*, 55 B.R. 106, 107–10 (Bankr.D.C.1985).

■ The burden of proof regarding a venue change is upon movant and must be carried by a preponderance. *In re Windsor Communications Group*, 53 B.R. 293, 296 (Bankr.E.D.Pa.1985); *In re Walbridge*, 51 B.R. 137, 139 (Bankr.Mass.1985); *In re Advent Corp.*, 20 B.R. 561, 562 (Bankr. Mass.1982). Movant must establish not merely that the existing forum is inconvenient, but that the balance of convenience clearly and substantially weighs in favor of transfer. *In re Walbridge, supra; In re Lionel Corp.*, 24 B.R. 141, 142 (Bankr.S.D. N.Y.1982).

## III

At Leisure Lake's motion, venue was transferred due to certain factors, including that vital, live testimony of certain California residents might not be available here, a majority of defendants were California residents, an appreciable number of California depositions were expected and that deposition disputes were anticipated which would require adjournment and resolution here. Transcript of May 22, 1986 at 15–17. The nature of these factors overcame the normal policy in favor of venue where the bankruptcy case is pending. *In re Nixon Machinery Co.*, 27 B.R. 871, 873 (Bankr.E.D.Tenn.1983) (refusing to transfer venue of adversary to defendants' district of residence). At plaintiff's request, transfer of venue was stayed to allow the plaintiff an opportunity for discovery to support a subsequent motion to reconsider. Transcript, *supra*, at 23–24.

Given stay of the venue order and the possibility of plaintiff's motion for reconsideration, the motion of certain Arizona defendants to reconsider transfer of the case to California was denied on May 22, 1986 without prejudice. Transcript at 24–25.

Subsequently, the plaintiff announced his decision to acquiesce in this transfer, provided his repeated concerns that the proceeding not be severed be honored. Transcript at 9–11; Trustee's Response at 3–6, Docket No. 157. Following his decision, defendants renewed their motion to reconsider transfer or sever their case for trial in Arizona.

Plaintiff correctly argues that reconsideration of the venue order would not cure the problems which prompted transfer initially. Further, severance will result in double litigative costs to the estate and create the potential of inconsistent verdicts on the same cause of action. Severance is further problematic in that not all Arizona defendants have joined in the motion, apparently manifesting intent the plaintiff should proceed against them in California. Bifurcation will not achieve speedy and economic administration of this dispute. *In re Nixon Machinery*, 27 B.R. at 873. Plaintiff's decision, albeit reluctant, agreeing to a California forum is not to be disturbed unless the balance is strongly in favor of movants. *In re Windsor Communications Group*, 53 B.R. at 296, *In re Coleman American Companies*, 6 B.R. 915, 917 (Bankr.Colo.1980).

Arizona movants cite no compelling factors for severance or reconsideration, other than that an Arizona venue would be more convenient. As previously indicated, the concerns of live testimony and discovery disputes in a California locale which prompted transfer remain.

Movants' argument alleging lack of prior notice of the original April venue hearing is moot. Motion at 2–4, Docket No. 151. Any alleged notice defect was cured by the notice and hearing subsequently provided on two separate occasions. The initial reconsideration motion was argued at the May 22, 1986 hearing. Transcript at 3–8. Their second request was heard on August 1, 1986. Docket Nos. 151, 153–54, 156–57. Accordingly, procedural due process concerns have been addressed. In short, no legal or factual concerns having been raised which establish grounds for reconsideration or for severance. Movants have failed to carry their burden of proof. The balance of convenience not clearly and substantially in movants' favor, the motion for reconsideration or for separate Arizona trials is denied. Ten days from the date of this memorandum, the plaintiff will lodge and serve a proposed order lifting the stay and directing the Clerk to transfer this adversary to the Northern District of California.

ORDERED ACCORDINGLY.