**In re James Wood KERSTING, Debtor.**

**NBA INTERNATIONAL BANKING CORPORATION (As Assignee), Plaintiff,**

v.

**James Wood KERSTING, Defendant.**

**NBA INTERNATIONAL BANKING CORPORATION, Plaintiff,**

v.

**James Wood KERSTING, Defendant.**

Bankruptcy No. 1–87–01946.
Adv. Nos. 1–87–0156, 1–87–0157.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 4, 1988.

Gerald L. Baldwin, Case Attorney for Plaintiff Cincinnati, Ohio, for plaintiff.

William H. Eder, for Defendant Cincinnati, Ohio, for defendant.

Eileen K. Field, Cincinnati, Ohio, trustee.

### DECISION and ORDER OF TRANSFER

BURTON PERLMAN, Chief Judge.

The two adversary proceedings identified in the caption above were brought against the same defendant, James Wood Kersting, who, at the time that the adversary proceedings were filed, was a debtor in this court. The proceedings have been consolidated for all purposes under Adversary No. 1–87–0156.

The reason that two separate adversary proceedings were filed is that in –0156 plaintiff seeks relief as assignee of Quality Seafoods of Sitka, Inc. (Quality Seafoods). Quality Seafoods filed a Chapter 11 petition in Seattle, Washington on January 29, 1986. Quality Seafoods, as debtor-in-possession, thereafter filed an adversary proceeding against joint defendants, Continental Seafoods, Inc., James Kersting and Sara Kersting, in the bankruptcy court at Seattle. That complaint alleges facts setting out a claim of nondischargeability with respect to the debt owed Quality Seafoods. Pursuant to court order, plaintiff Quality Seafoods assigned the adversary proceeding to this plaintiff. In adversary proceeding –0156, plaintiff asserts rights as assignee of Quality Seafoods against this defendant.

In the second adversary proceeding, –0157, plaintiff proceeds in its own right to state a claim for nondischargeability of debt against James Wood Kersting, defendant. The complaint contains allegations identifying defendant as an officer of Quality Seafoods; that plaintiff lent money to Quality Seafoods; that defendant individu-

ally guaranteed such loan; that financial statements and other writings furnished in connection with such loans were materially false, etc.; that defendant was responsible for certain materially false certificates regarding accounts receivable; that defendant owned a corporation named Continental Seafoods, Inc., of which he was an officer and director; and that debtor committed certain fraudulent acts in connection with such relationship.

Now before us is a motion by the plaintiff to transfer the consolidated adversary proceedings to the United States Bankruptcy Court for the Western District of Washington at Seattle. During the pendency of this motion here regarding these consolidated adversary proceedings, the Bankruptcy Court in Seattle had before it a motion to transfer defendant's bankruptcy case from this district to Seattle. That motion was granted and defendant's bankruptcy case has been transferred.

In a memorandum, plaintiff raises the question of whether the order of the Seattle court transferring defendant's case results in the automatic transfer of these adversary proceedings as well. We think not, in view of the existing Bankruptcy Rules. It was appropriate for the motion regarding the case to be brought in the Seattle Bankruptcy Court, because B.R. 1014(b)(4) invests that court with the jurisdiction to make that determination. Interestingly, it would have been inappropriate for plaintiff to move in Seattle for an order transferring the present adversary proceedings from Cincinnati to Seattle, for B.R. 1014 deals only with the transfer of cases. The transfer of adversary proceedings is governed by B.R. 7087. The latter rule requires that the motion to transfer the adversary proceedings be brought here.

We turn now to the motion before us. Certain facts are undisputed. Thus, defendant admits the allegations of the complaints that Quality Seafoods filed a Chapter 11 case in Seattle on January 29, 1986; that Quality Seafoods filed an adversary proceeding against Continental Seafoods, Inc., James Kersting and Sara Kersting, in Seattle; that defendant was an officer and director of Quality Seafoods and also Continental Seafoods; that he exercised control over both corporate entities; and that he was an insider as to both corporations and each corporation was an insider as to him.

Further, in his order transferring defendant's case from Cincinnati to Seattle, Judge Sidney C. Volinn made certain findings of fact. He noted that defendant's bankruptcy schedules showed only one liquidated claim in the amount of $722.77 held by a creditor in Ohio, and noted further that defendant's other eight creditors are located in the Pacific Northwest, including Quality and NBA, and that these creditors hold claims exceeding $900,000.00. He found further that the only significant activity in defendant's case is discharge litigation against him brought by NBA. He noted that the chief witnesses likely to appear therein, six in number, all are residents either of Seattle or Portland. For that reason, he found that it would be more economical and efficient to administer defendant's bankruptcy case in Seattle. He noted further that the schedules in defendant's bankruptcy case identified no real estate or other substantial non-exempt assets in Ohio.

The record before us in addition shows that defendant was born in Cincinnati in 1955. He left Cincinnati to attend the University of Colorado at Boulder, Colorado. Upon graduation therefrom, he moved to Portland, Oregon, where he went into the fish business. He apparently remained in Oregon until the failure of his businesses there, whereupon at some time in early 1987, he moved back to Cincinnati, filing his bankruptcy petition on June 8, 1987.

The controlling bankruptcy rule provides:

**B.R. 7087. Transfer of Adversary Proceeding**

On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).

Rule 7019(a) has no application here, and we are therefore left to apply 28 U.S.C. § 1412. 28 U.S.C. § 1412 provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

We note the reference to the "district court" in the statute. It is nevertheless for this court to decide the question of transfer because 28 U.S.C. § 157 authorizes district courts to refer proceedings arising under Title 11 or arising in or related to a case under Title 11 to bankruptcy judges. The District Court for the Southern District of Ohio, by order filed July 30, 1984, has made such an order of reference. A determination of the transfer of venue is a core proceeding within the meaning of 28 U.S.C. § 157(b).

We reach, then, the test which must be here applied, that set forth at 28 U.S.C. § 1412, whether these consolidated proceedings should be transferred to Seattle "in the interest of justice or for the convenience of the parties." After careful consideration, we have reached the conclusion that they should be transferred.

There are cases which collect the considerations which may be taken into account by courts in resolving motions to transfer venue. *See, e.g., In re Advent Corp.,* 20 B.R. 561 (Bankr.Mass.1982); *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986). In the end, though, the court must conduct a balancing exercise, bearing in mind that it is movant who bears the burden of proof. In the motion before us, plaintiff's equities arise from the fact that the matrix of events in which these consolidated proceedings arose occurred at or in proximity to the court in Seattle. The events occurred there. It is the law of that vicinity which will come into play if state law is to be applied. It is where the witnesses are. It is now where defendant's bankruptcy case is pending. This last is an especially potent factor on a motion to transfer, for there is a strong policy that an adversary proceeding should be conducted in the same court as that in which debtor's case is pending. *In re Nixon Machinery Company,* 27 B.R. 871 (Bankr.E.D.Tenn.1983); *In re Lionel Corporation,* 24 B.R. 141 (Bankr.S.D.N.Y.1982); *In re National Sug-*

*ar Refining Company,* 26 B.R. 762 (Bankr. S.D.N.Y.1982).

On the other hand, there is an equity which favors defendant. It is a weighty one, that it is economically prejudicial to defendant to transfer the proceeding to Seattle.

Upon a balance of the respective equities, we conclude that they heavily favor plaintiff. Defendant's equity, important as it may be, cannot prevail in the face of those favoring plaintiff, particularly where he is already involved in the Bankruptcy Court in Seattle, his case having been transferred there, and where he is already a party to litigation.

In the circumstances of this proceeding, we reach the conclusion that plaintiff has carried its burden of showing that a transfer would be in the interest of justice and the convenience of the parties.

Finally, we find that in situations similar to the present, courts have ordered a transfer of venue of adversary proceedings to the district where the relevant events occurred and where the witnesses are located. *See, In re Advent Corp., supra; In re Thomasson, supra.*

While we recognize that on a motion to transfer, there is a heavy burden on movant to demonstrate that transfer is proper, *In re Lionel, supra,* we have no doubt that in the proceedings before us, plaintiff has met that burden.

Plaintiff's motion is granted.

So Ordered.