**In re SUDBURY, INC., Debtor.**

**SUDBURY, INC., Plaintiff,**

**v.**

**Randi L. DLOTT, Mark A. Dlott, Susan J. Dlott, Herman Dlott, Defendants.**

**Bankruptcy No. 92–10148.**
**Adv. Nos. 92–1433 to 92–1436.**

United States Bankruptcy Court,
N.D. Ohio.

Jan. 14, 1993.

See also 140 B.R. 461.

G. Christopher Meyer, Frances Floriano Goins, Jill G. Okun, Frederick G. King, Squire, Sanders & Dempsey, Cleveland, OH, for debtor-plaintiff.

Stanley M. Chesley, Paul M. DeMarco, Waite, Schneider, Bayless & Chesley Co., L.P.A., and Susan J. Dlott, Graydon, Head & Ritchey, Cincinnati, OH, for defendants.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

The defendants in these adversary proceedings seek to remand or transfer the proceedings to the United States District Court for the Southern District of Ohio (the "Dayton Court") pursuant to 28 U.S.C. §§ 1452 and 1412. In the alternative, they request this Court to abstain from hearing these adversary proceedings pursuant to 28 U.S.C. § 1334(c)(1).

### Background

Herman Dlott was a principal shareholder of Platt Manufacturing Corporation ("Platt"), which had its principal place of business in Dayton, Ohio. In 1986 Herman Dlott and his three children, Susan J. Dlott, Mark A. Dlott and Randi L. Dlott, who were also Platt shareholders, sold their shares to the Debtor for approximately $4,000,000. Under the purchase agreement, $1,350,000 of the purchase price was evidenced by the Debtor's promissory notes to the Dlotts, which were unpaid upon the filing of the Debtor's chapter 11 case on January 10, 1992.

On July 11, 1990 the Debtor filed an action in United States District Court for the Northern District of Ohio (the "Cleveland Court") against the Dlotts, Herman Dlott's wife Mildred Z. Dlott, the Dlotts' attorney Ralph Heyman, and the Dlotts' accounting firm, Gans Riddle & Associates. The Debtor's complaint alleged that the defendants had fraudulently misrepresented Platt's condition and included claims for breach of contract and for breach of state and federal securities laws and RICO. Two hours later on the same day the Dlotts filed an action against the Debtor in the Dayton Court for the balance of the purchase price of their Platt shares. Subsequently Ralph Heyman and Gans Riddle & Associates filed an action in the Dayton Court seeking a declaration that they were not liable to the Debtor.

On October 25, 1990, the Cleveland Court entered an order transferring Debtor's ac-

tion to the Dayton Court pursuant to 28 U.S.C. § 1404(a). Based on a telephonic pretrial conference on December 14, 1990, the Dayton Court consolidated the pending Dayton cases with the case transferred from the Cleveland Court. The Dayton Court ordered the Debtor to file a consolidated complaint, which it did, and ordered the defendants to file consolidated answers and counterclaims, including claims on the notes evidencing the unpaid balance of the Platt purchase price. The defendants, however, filed a motion to dismiss, which is pending before the Dayton court. They have not to date filed answers or counterclaims.

In anticipation of considering a plan of reorganization the Court fixed May 15, 1992, as the final date for filing claims against the Debtor. In response each of the defendants filed a proof of claim with the clerk of this Court on May 13, 1992, based on the unpaid notes issued by the Debtor in connection with the Platt purchase—Herman Dlott in the amount of $1,457,126.71 and each of the other defendants in the amount of $78,970.38. The Debtor filed these adversary proceedings objecting to these claims and asserting counterclaims against the Dlotts substantially identical to those pending in the Dayton Court.

This Court heard argument on the defendants' motions on November 19, 1992. On December 2, 1992, the defendants obtained an order from the Dayton Court prohibiting the Debtor from transferring to Cleveland records of Platt warehoused in Dayton. The defendants also obtained clarification from the Dayton Court of its order in which it had "administratively processed and terminated" the proceedings in which the defendants had stated their claims against the Debtor. Although the procedural status of these matters is not entirely clear, it appears that the defendants would have an opportunity to answer Debtor's complaint and set up their claims on the notes if the defendants' motion to dismiss were denied and subject, of course, to the constraints of the bankruptcy stay.

## Analysis

■ Through the course of briefing and argument, the defendants appear to have abandoned the contention that these adversary proceedings should be remanded to the Dayton court pursuant to 28 U.S.C. § 1452(b). As Debtor points out, this subsection appears to apply to actions removed from state court to district court, not from one federal district to another. Moreover, these adversary proceedings were not in fact removed from the Dayton Court to this Court. Defendants cite no authority justifying remand or transfer of these proceedings to the Dayton Court under 28 U.S.C. § 1452(b).

■ Similarly defendants cite no authority justifying their contention that this Court should abstain from hearing these adversary proceedings under 28 U.S.C. § 1334(c)(1). Although that section provides for discretionary abstention based either on "the interest of justice" or "the interest of comity with state courts or respect for state law," the section appears not to have been applied to situations where, as here, substantial federal issues are involved and the competing case is in federal court. But even if abstention under § 1334(c)(1) were available, abstention would not be appropriate for the reasons noted below in the discussion of 28 U.S.C. § 1412.

■ 28 U.S.C. § 1412 provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Rule 7087 of the Federal Rules of Bankruptcy Procedure specifies the mechanics for such transfer:

On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412....

Courts have generally held that a motion to transfer venue is a core proceeding under 28 U.S.C. § 157(b)(2)(A) since it concerns the administration of the estate. *Thomson McKinnon Securities, Inc. v. White (In re*

*Thomson McKinnon Securities, Inc.),* 126 B.R. 833 (Bankr.S.D.N.Y.1991); *Storage Equities, Inc. v. Delisle,* 91 B.R. 616 (D.Ct. N.D.Ga.1988).

■ The crux of defendants' argument is that the defendants won a change of venue to Dayton from the Cleveland Court in 1990 and that they should not be deprived of that victory because the Debtor filed for reorganization. Their argument is that these adversary proceedings constitute, in effect, the same case that was transferred from Cleveland to the Dayton Court in 1990. The Debtor, on the other hand, disputes the identity of these proceedings with those pending in the Dayton Court. The Debtor points out that these proceedings were initiated by the defendants themselves by filing proofs of claim in this case, that this Court is the only forum in which the defendants' claims could have been asserted, that these proceedings involve different parties than those in the Dayton cases and that Debtor's bankruptcy filing requires that these proceedings be treated differently from the cases transferred by the Cleveland Court to Dayton in 1990.

At least three of the defendants in the action pending in the Dayton Court are not defendants here: Mildred Z. Dlott, Ralph Heyman and Gans Riddle & Associates, and Debtor indicates that it intends to dismiss its claims against these defendants. In these proceedings the Debtor asserts that the Dlotts' claims, if valid, are subject to equitable subordination under section 510 of the Bankruptcy Code, a claim unique to the bankruptcy process.

This is not a situation where the Debtor used the bankruptcy process to relitigate the Cleveland Court's transfer motion. The defendants themselves initiated these proceedings by filing their claims against the Debtor in this Court. Once those claims were filed the Debtor had little choice but to raise its contract, fraud, securities and RICO claims by way of defense and counterclaim. The defendants' and the Debtor's claims all grow out of the defendants' sale of Platt shares to the Debtor and would appear to constitute compulsory

counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure. Under Rule 3007 of the Federal Bankruptcy Rules of Procedure an adversary proceeding arises of necessity where there is "an objection to a claim [which] is joined with a demand for relief of the kind specified in Rule 7001," which would encompass Debtor's counterclaims.

Bankruptcy adversary proceedings invoke different procedural rules and considerations than those before the Cleveland Court in 1990. The Cleveland Court's transfer order was made under 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The emphasis of this section is somewhat different than section 1412. Section 1404(a) mentions witnesses; section 1412 does not. But more importantly, the "interest of justice" component is construed quite differently in the case of a debtor in a bankruptcy proceeding than in the case of other litigants. So far as appears, nearly every case that has considered transfer of a bankruptcy proceeding has construed this phrase in section 1412 to give primacy to administrative matters affecting the estate. *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.),* 896 F.2d 1384 (2nd Cir.1990); *GEX Kentucky, Inc. v. Wolf Creek Collieries Co. (In re GEX Kentucky, Inc.),* 85 B.R. 431 (Bankr.N.D.Ohio 1987). This focus has been reflected in a number of formulations:

> Of all the considerations ... the most important one is whether the transfer would promote the economic and efficient administration of the estate.... This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction.

*In re GEX Kentucky, Inc.,* 85 B.R. at 435 (citations omitted). "[T]here is a strong policy that an adversary proceeding should

be conducted in the same court as that in which the debtor's case is pending." *NBA Int'l Banking Corp. v. Kersting (In re Kersting)*, 85 B.R. 61, 63 (Bankr.S.D.Ohio 1988).

On a motion to transfer venue, a heavy burden of proof rests on the moving party to demonstrate that the balance of convenience clearly weighs in his favor. *Lionel Leisure, Inc. v. Trans Cleveland Warehouses, Inc. (In re Lionel Corp.)*, 24 B.R. 141, 142 (Bankr.S.D.N.Y.1982). There is a "general presumption that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending." *Id.* at 143.

An overriding purpose of the Bankruptcy Code is to locate in one forum core administrative matters. "Congress was concerned with the inefficiencies of piecemeal adjudication of matters affecting the administration of bankruptcies and intended to give federal courts the power to adjudicate all matters having an effect on the bankruptcy." *In re Wood*, 825 F.2d 90, 92 (5th Cir.1987).

These adversary proceedings constitute core proceedings under 28 U.S.C. § 157(b)(2)(B) and (C). Under these subsections "core proceedings include, but are not limited to ... (B) allowance or disallowance of claims against the estate ...; (C) counterclaims by the estate against persons filing claims against the estate...." This claims resolution process is integral to reconstructing the debtor-creditor relationship. *See Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). These are considerations which did not and could not bear on the Cleveland Court's decision to grant the defendants their transfer motion in 1990. For this reason it would be improper to view that ruling as constituting the "law of the case" as defendants urge.

Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. These rules do not involve preclusion by final judgment; instead, they regulate judicial affairs before final judgment. 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 788 (1981). The problem with attempting to derive an answer here from the law of the case doctrine is that these proceedings are in fact different cases and the considerations for transferring these proceedings are different than those applicable to Debtor's 1990 case. This leaves the question of whether the defendants have made a sufficient showing under 28 U.S.C. § 1412 to overcome the presumption that this core proceeding should be heard in the court where the bankruptcy case is pending.

The defendants and the Debtor have both filed affidavits to support their positions on transfer to the Dayton Court. Debtor points out that transfer of these proceedings to Dayton will increase its costs. Debtor argues that the case for transfer to Dayton is now weaker than it was in 1990. Platt, which was the subject of the 1986 sale, has ceased operations. The 1990 transfer order noted that twelve of the defendants' witnesses were not employees of Platt and could not be compelled to travel from Dayton to Cleveland. Debtor points out that all nonparty witnesses located in Ohio can in fact be compelled to appear for trial in this Court. The defendants argue, however, that witnesses could not be compelled under Rule 45 of the Federal Rules of Civil Procedure to appear in Cleveland for depositions, which might in fact burden the Debtor. Moreover, the fact that Mildred Dlott, Ralph Heyman and Gans Riddle & Associates are not parties to these proceedings means that they will not appear as parties. Herman Dlott's affidavit points out, however, that Heyman and Gans Riddle personnel may be necessary as witnesses. Defendants also point out that the dissolution of Platt means that more witnesses are now nonparty witnesses than in 1990.

All in all, more witnesses appear located in Dayton than in Cleveland and to this extent a trial in Dayton might be more convenient for the witnesses than a trial in Cleveland. But this balance of convenience

is not so great as to outweigh considerations of the efficient administration of this estate in these core proceedings. The defendants have not borne the burden of proving that their inconvenience in trying the case in Cleveland approaches the level that would justify this Court transferring these core proceedings under § 1412. *See In re Manville Forest Products Corp., supra; In re GEX Kentucky, Inc., supra; In re Lionel Corp., supra.*

Defendants argue that the significance accorded the administration of this case should be discounted since the Debtor is operating under a confirmed plan. However, this bankruptcy court is necessarily involved in Debtor's ongoing claims resolution process. No reason is suggested why considerations of administrative efficiency and expense are not as relevant in this circumstance as in a case where the claims process is pursued prior to confirmation of a plan.

Defendants also argue that this Court should permit the proceedings to go forward in the Dayton Court since the parties have made a jury demand. However, it appears that the defendants have pretty clearly waived any right to a jury in connection with their claims or the Debtor's counterclaims under *Langenkamp v. Culp, supra.*

Finally, defendants have not borne their burden of showing that matters have progressed to the point in the case in the Dayton Court where it would be wasteful of judicial resources or the resources of the parties for these proceedings to continue in this Court. Although there have been preliminary conferences and motions, it does not appear that there have been depositions and defendants make a point of stressing the extensive nature of future depositions as one of their grounds justifying transfer to the Dayton Court. Moreover, defendants have yet to answer or to assert their claims against the Debtor in the Dayton Court, nor could they do so without obtaining relief from the stay imposed by sections 1141 and 524 of the Bankruptcy Code.

The Court's order in conformity with this opinion is attached.

## ORDER

A memorandum of opinion having been rendered on the defendants' motions to remand or transfer these adversary proceedings pursuant to 28 U.S.C. §§ 1452 and 1412 or alternatively, for abstention pursuant to 28 U.S.C. § 1334(c)(1),

IT IS ORDERED THAT the defendants' motions be, and they hereby are, denied.