**In re THE HERITAGE FINANCIAL NETWORK, INC., Debtor.**

**Michael T. Gunner, Trustee, Plaintiff,**

**v.**

**Darrell Anthony, Defendant.**

**Bankruptcy No. 00–60278.
Adversary No. 01–02361.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 26, 2002.

Frederick M. Luper, Esq., Luper, Sheriff & Neidenthal, Columbus, OH, for Plaintiff/Trustee.

Carroll J. Ogden, Esq., Mobile, AL, for Defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the defendant's motion to dismiss for *forum non conveniens* and, alternatively, for failure to state a claim upon which relief can be granted. The defendant further requests, in the event the complaint is not dismissed, an order requiring the plaintiff to provide a more definite statement of his claim. The defendant went on to answer the complaint in case such an answer is required by the Court.

The plaintiff filed a memorandum contra the defendant's motion, as well as his own motion to strike. The Court denied the motion to strike by separate order. The defendant did not reply to the memorandum contra.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A) and (H).

■ The federal doctrine of *forum non conveniens* has been largely supplanted by the federal venue transfer statutes. *American Dredging Co. v. Miller,* 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). As a result, the doctrine has continuing application only in cases where the alternative forum is outside the United States. *Id.* Because the defendant has proposed the Southern District of Alabama as the alternative forum, the doctrine does not apply. Therefore, the Court **DENIES** the defendant's motion to dismiss this complaint on grounds of *forum non conveniens.*

■ To the extent that the defendant is seeking transfer of this action to the Southern District of Alabama, Title 28, United States Code, Section 1412 and Bankruptcy Rule 7087 will govern. The statute provides that "[a] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The rule states that the court upon motion may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412.

■ With respect to the convenience of the parties, the defendant did not show that trying the proceeding in this district would be any less convenient for him than trying the case in Alabama would be for the plaintiff. The Court believes that 28 U.S.C. § 1409 provides the proper balance. If the claim had arisen postpetition or the money judgment sought been less than $1,000, the plaintiff would have been forced to bring his action in the Southern District of Alabama. As it stands, however, neither of these conditions exist, and the plaintiff properly filed his action in this district. His choice of forum under the actual circumstances, then, is entitled to some deference.

As for the interests of justice, "nearly every case that has considered transfer of a bankruptcy proceeding has construed this phrase in section 1412 to give primacy to administrative matters affecting the estate." *Sudbury, Inc. v. Dlott (In re Sudbury, Inc.)*, 149 B.R. 489, 492 (Bankr. N.D.Ohio 1993) (citations omitted). In this case, the action brought by the plaintiff is a core proceeding brought under section 548 of the Bankruptcy Code. The plaintiff has brought a multitude of other similar adversary proceedings whose defendants may or may not reside in the state of Ohio. The resolution of these adversaries, including this one, will clearly affect the administration of this bankruptcy estate. In the Court's view, the interests of justice require that these actions should be filed in a single forum. Therefore, this adversary will not be transferred to the Southern District of Alabama.

■ The Court also will not dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. Such motions are not favored and will be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Here, the plaintiff alleges that the defendant invested a sum of money with the debtor and that on account of this investment, the defendant received an interest payment from the defendant of $22,000. The plaintiff further alleges that this interest payment was made within one year of the debtor's bankruptcy filing and while the debtor was insolvent. Finally, the plaintiff states that the debtor did not receive reasonably equivalent value in return for the interest payment.

Construing the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, as this Court is required to do, *see Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993), the plaintiff has stated a claim for relief under 11 U.S.C. § 548(a)(1)(B).

■ Lastly, the defendant seeks an order requiring the plaintiff, in the event the adversary is not dismissed, to amend his complaint to provide a more definite statement of his claim. Bankruptcy Rule 7012 incorporates Fed.R.Civ.P. 12(e) which provides that "[i]f a pleading to which a responsive pleading is permitted is so vague

or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

The Court has reviewed the complaint and the alleged defects pointed out by the defendant. Upon review, the Court does not believe that the complaint is so vague or ambiguous that the defendant cannot reasonably be required to frame an answer. The defendant, in fact, tendered his answer should the motions to dismiss and for more definite statement be denied.

For the foregoing reasons, the defendant's motions to dismiss or, in the alternative, for a more definite statement are **DENIED**.

**IT IS SO ORDERED.**