In re CHASE & SANBORN CORP.,
f/k/a General Coffee Corp., et
al., Debtor(s).

Paul C. NORDBERG, as Creditor
Trustee, etc., Plaintiff,

v.

REPUBLIC NATIONAL BANK OF
MIAMI, a National banking
association, Defendant.

Bankruptcy No. 83–00889–BKC–TCB.
Adv. No. 85–0700–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 3, 1985.

See also, 51 B.R. 739.

Gary A. Jones, for plaintiff.

Joseph A. Gassen, Miami, Fla., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff is a trustee selected by the creditors in a chapter 11 plan of reorganization, which was confirmed by this court earlier this year. The trustee seeks recovery from the defendant of money paid by the debtor three months before bankruptcy. Relief is sought, in the alternative, under 11 U.S.C. §§ 547(b), 548(a)(1) or (2). These three provisions create statutory causes of action for the recovery of preferential and fraudulent transfers. They are available only in connection with a bankruptcy case.

Jurisdiction of all bankruptcy cases and proceedings, including this one, is vested in the district courts. 28 U.S.C. § 1334. However, the same Act which vested that jurisdiction in the district courts, also authorized each district court to refer such matters to the bankruptcy judges for the district, 28 U.S.C. § 157(a), and provided that:

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. 157(b)(1).

"Core proceedings" are defined in the same Act to include:

"(F) proceedings to determine, avoid, or recover preferences;

.    .    .    .    .

(H) proceedings to determine, avoid, or recover fraudulent conveyances; ..." 28 U.S.C. § 157(b)(2).

On July 11, 1984, the District Court for this District entered an Order of Reference as authorized by 28 U.S.C. § 157(a), and that Order remains in effect.

Defendant seeks dismissal upon the ground that the statutory scheme outlined above constitutes an unconstitutional evasion of Article III, Section 1 of the U.S. Constitution and is contrary to the holding in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Defendant relies upon *Associated Grocers of Nebraska Cooperative, Inc. v. Nabisco Bakers (Matter of Associated Grocers of Nebraska Cooperative, Inc.*, 46 B.R. 173 (Bankr.D.Neb.1985). The trustee has responded and the matter was heard on July 1.

Although I believe the question to be a close one, I reject defendant's contention and conclude that the pertinent provisions of the 1984 Act identified above are not invalid. *Production Steel, Inc. v. Bethlehem Steel Corp. (In re Production Steel, Inc.)*, 48 B.R. 841 (D.C.M.D.Tenn.1985).

The foregoing holding makes it unnecessary to delay this decision on account of the defendant's failure to comply with 28 U.S.C. § 2403(a).

Because the trustee faced an approaching statute of limitations' deadline, the trustee elected to file a duplicate complaint seeking identical relief with the clerk of the district court, who assigned that case to District Judge Leonore Nesbitt. (Case No. 85–1726). The defendant also seeks dismissal upon the ground that the same issue is pending before Judge Nesbitt by virtue of the trustee's duplicate filing.

That case which has been referred to this court by Judge Nesbitt's order of June 27, is redundant and is dismissed for that reason.

In entering this Order of Dismissal of the duplicate filing, I presume that if it should ever be determined that the Order of Reference is ineffective because the enabling statute is unconstitutional, plaintiff would not lose his cause of action to the statute of limitations, but the complaint would be reassigned to a District Judge and tried de novo.