## HOWARD BROWN COMPANY

v.

## RELIANCE INSURANCE COMPANY.

### Civ. A. No. 86–3815.

United States District Court,
E.D. Pennsylvania.

Oct. 23, 1986.

Ronald H. Silverman, King of Prussia, Pa., for Howard Brown Co.

Timothy J. Korzun, Buckley, Sheak & Korzun, Pennington, N.J., for Reliance Ins. Co.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Howard Brown Company brings this action to recover on a "Contract Bond" issued by defendant Reliance Insurance Company as surety of Leonard A. Antonelli, Inc., t/a Antonelli Construction ("Antonelli"). Plaintiff seeks payment for materials (doors, frames and related hardware) supplied to Antonelli in conjunction with a rehabilitation and construction project un-

dertaken by Antonelli, as the general contractor, for the New Jersey Turnpike Authority.

Plaintiff is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania. Defendant is a Pennsylvania corporation with offices in Montgomery County, Pennsylvania.

This action was originally brought in the Court of Common Pleas, Montgomery County, and was subsequently removed by defendant pursuant to 28 U.S.C. §§ 1441(b) and 1452 based upon this Court's jurisdiction under 28 U.S.C. § 1334. As the basis for its removal petition, defendant maintains that because Antonelli has filed a petition in bankruptcy in the United States Bankruptcy Court for the District of New Jersey (Camden), Case No. 85–06514, "there are and there will be substantial claims and related issues asserted by and between the parties in this State Court action, which relate and are identical to issues which must be litigated in the Bankruptcy action." Subsequent to the removal of this action, a default was entered by the Clerk of the Court against defendant for failure to answer or otherwise respond to plaintiff's complaint. Presently before this Court are defendant's motion to vacate the entry of default, motion to dismiss the complaint, and motion for transfer of venue and transfer of the case to the bankruptcy court in New Jersey.

■ As an initial matter, this Court must determine whether it has jurisdiction pursuant to 28 U.S.C. § 1334 of this claim by a materialman against the surety of a general contractor where the general contractor filed a bankruptcy petition under Title 11. Section 1334(b) states that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

It appears that this Court has jurisdiction over this matter as a civil proceeding "related to" a case under title 11, that is, the Antonelli bankruptcy case. The test for determining whether a civil proceeding is "related to" a bankruptcy case is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797, 802 (3d Cir.1985); *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir.1984); *Fleet v. United States Consumer Counsel, Inc. (In re Fleet)*, 53 B.R. 833, 838 (Bankr.E.D.Pa.1985). An action is "related to" a bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Bobroff*, 766 F.2d at 802; *Pacor*, 743 F.2d at 994; *Fleet*, 53 B.R. at 838.

In *Pacor*, the Third Circuit stated that a primary action between a plaintiff and a distributor of asbestos for work-related injuries was not "related to" the Johns-Manville bankruptcy, but was, at best, a mere precursor to a potential third party claim for indemnification by the distributor against Johns-Manville, the manufacturer of the asbestos. As a consequence, the court held that because the primary action against the distributor was not "related to" bankruptcy, there was no jurisdiction to remove the matter to federal court.

However, the court in *Pacor* specifically distinguished that case from an action by a creditor against a guarantor of a debtor's obligations with or without an explicit indemnification agreement. With respect to such proceedings, the court stated that the action "will necessarily affect that ... creditor's status vis a vis other creditors, and administration of the estate therefore depends upon the outcome of that litigation." 743 F.2d at 995. Jurisdiction under section 1334 therefore exists over such a proceeding since it is "related to" the bankruptcy.

Based upon the Third Circuit's analysis in *Pacor*, this Court has jurisdiction over this proceeding initiated by plaintiff, a creditor of Antonelli—the bankrupt,

against defendant, Antonelli's surety. This is a civil proceeding "related to" a case under title 11 since the resolution of this case may affect plaintiff's status as a creditor of the Antonelli bankruptcy estate by reducing or even eliminating its claim against the bankruptcy estate.

While the Court recognizes, as plaintiff has pointed out, that the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), is potentially applicable to this case, no timely motion for abstention has been filed by plaintiff. Furthermore, because the cause of action arose in relation to a New Jersey Turnpike Authority Project, the bond is in a form dictated by the New Jersey Turnpike Authority and both parties concede that New Jersey law applies to this case, this Court does not believe that it is "in the interest of justice, or in the interest of comity with State courts or respect for State law" to abstain under 28 U.S.C. § 1334(c)(1).

■ Defendant's motion also requests that this action be transferred to the United States Bankruptcy Court for the District of New Jersey, the district where the Antonelli bankruptcy case is pending, pursuant to 28 U.S.C. § 1412. Therefore, based upon the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction, 28 U.S.C. § 1409(a), *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc.*, 53 B.R. 293, 296 (Bankr.E.D.Pa.1985), this Court will transfer this case to the United States District Court for the District of New Jersey (Camden) pursuant to 28 U.S.C. § 1412.

This Court has not resolved defendant's motion to vacate the entry of default, or its motion to dismiss because the issues underlying these motions should be resolved by the court with appropriate venue. This Court will therefore transfer this case to the United States District Court for the District of New Jersey for referral to the United States Bankruptcy Court.