**STORAGE EQUITIES, INC., PS Partners III, and Storage Equities/PS Partners, III—Gould Drive, Appellants,**

**v.**

**Richard Allen DELISLE, Appellee.**

**Civ. A. No. 1:88–CV–494–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 8, 1988.

Barbara J. Lukes, O'Callaghan, Saunders & Stumm, Atlanta, Ga., for appellants.

Frank W. Scroggins, Atlanta, Ga., for appellee.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiffs/appellants' appeal of the bankruptcy court's January 5, 1988 order denying their motion to transfer. For the reasons set forth below, the court concludes that the bankruptcy court's order denying plaintiffs' motion should be affirmed.

## I. HISTORY OF THE CASE.

The underlying Chapter 7 bankruptcy petition was filed June 1, 1987 in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. On August 26, 1987, plaintiffs commenced this adversary proceeding by the filing of their complaint to determine dischargeability of debt and debtor, to lift automatic stay and for damages. The motion to transfer venue to the Western District of Louisiana, Shreveport Division, was filed September 23, 1987. A hearing on plaintiffs' motion was conducted September 24, 1987.[1] By order entered January 5, 1988, the bankruptcy court, after entering extensive findings of fact and conclusions of law, denied plaintiff's motion to transfer. Notice of appeal was timely filed January 13, 1988.[2]

Two issues are presented by this appeal: (1) whether the bankruptcy court had authority to issue a final order regarding a motion to transfer venue, and, if so (2) whether the bankruptcy court's denial of plaintiff's motion to transfer venue was clearly erroneous.

1. The transcript of this hearing has not been made a part of the record.

2. This appeal was originally submitted for consideration to the Honorable Orinda D. Evans on April 21, 1988. By order entered May 27, 1988, however, the appeal was transferred to the undersigned judge.

## II. WHETHER A BANKRUPTCY COURT HAS AUTHORITY TO ISSUE A FINAL ORDER REGARDING TRANSFER.

■ As a preliminary matter, the court notes that plaintiffs stop just short of conceding that the bankruptcy court was acting within its authority in issuing the final order from which this appeal is taken. Less than one full page of plaintiff's brief is dedicated to this issue and no argument is made whatsoever that the bankruptcy court exceeded its authority in issuing the order. Nevertheless, as the question of the validity of the order itself could conceivably render moot the question of whether the underlying motion to transfer was correctly decided, the court will address the issue.

Consideration of this issue starts with the language of 28 U.S.C. § 1412. This statute provides, "A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As noted by the bankruptcy court, a literal reading of section 1412[3] indicates that a bankruptcy court lacks jurisdiction to hear a change of venue motion "in that the power under that section is given to the district court." Order of January 5, 1988 at 4. Thus, the question becomes whether the issue of transfer is one which may constitutionally be referred to the bankruptcy court for hearing and final disposition.

As is well known by now, the Supreme Court in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1981), concluded that the Bankruptcy Act of 1978's broad grant of jurisdiction to the bankruptcy courts over all "civil proceedings arising under Title 11 or arising in or related to cases under Title 11"[4] was unconstitutional.

3. Section 1412 replaced section 1475 which provided, "A bankruptcy court may transfer a case under Title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

4. 28 U.S.C. § 1471(b) (1976 ed., Supp. IV).

The Court held, "[T]he Bankruptcy Act of 1978 has impermissibly removed most, if not all, of 'the essential attributes of the judicial power' from the Article III district court, and has vested those attributes in a non Article III adjunct. Such a grant of jurisdiction cannot be sustained as an exercise of Congress' power to create adjuncts to Article III courts." *Northern Pipeline Co.* at 87, 102 S.Ct. at 2880. Congress' response to this decision was the "Bankruptcy Amendments And Federal Judgeship Act of 1984," 28 U.S.C. § 151 *et seq.*, which provides in relevant part

(a) Each district court may [5] provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . . .

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157. A bankruptcy court may therefore hear and finally decide all core proceedings, subject to district court review. On the other hand, noncore proceedings may be heard by the bankruptcy court

which would then submit its proposed findings of fact and conclusions of law to the district court for final disposition. This scheme, patterned after the *Northern Pipeline* decision, has consistently withstood constitutional challenges. *See In re Earle Industries, Inc.*, 71 B.R. 919 (Bankr. E.D.Pa.1987); *In re Chase & Sanborn Corp.*, 51 B.R. 733 (Bankr.S.D.Fla.1985); *In re Northwest Cinema Corp.*, 49 B.R. 479 (Bankr.E.D.Minn.1985); *In re Production Steel, Inc.*, 48 B.R. 841 (W.D.Tenn. 1985).

The question now becomes whether a motion to transfer is a core proceeding which a bankruptcy court may therefore constitutionally hear and finally decide. In the case at bar, the bankruptcy court concluded that "the issue of transfer of venue is a proceeding within the meaning of 28 U.S.C. § 157(a) because it is a matter 'concerning the administration of the estate' under section 157(b)(2)(A) and (O) and is thus a core matter." *Id.* at 5. The court agrees. Consideration of such a motion involves "fundamental bankruptcy issues." *In Re Finley*, 62 B.R. 361, 365 (Bankr.N.D. Ga.1986). These issues include (1) the proximity of creditors of every kind to the court; (2) the proximity of the bankrupt (debtor) to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets of the estate; (5) the economic administration of the estate; and (6) the necessity for ancillary administration if bankruptcy should result. *Matter of Commonwealth Oil Refining Company, Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979). In addition, "the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *Id.* As previously noted, "matters concerning the administration of the estate" are core proceedings on which a bankruptcy court may constitutionally issue a final order.[6] 28 U.S.C. § 157(b)(2)(A).

---

5. By standing order entered July 12, 1984, and pursuant to § 157(a), "all cases under Title 11 [core proceedings] ... and all proceedings arising in or related to a case under Title 11 [noncore proceedings] ..." in the Northern District

of Georgia were referred to the bankruptcy court for this district.

6. Obviously, the fact that Congress denominates a particular proceeding as "core" does not automatically mean that a bankruptcy court may

Though the authorities are split, the majority of courts considering the issue have likewise found motions to transfer under 28 U.S.C. § 1412 to be core matters concerning the administration of the estate. *See In re F/S Airlease II, Inc.,* 67 B.R. 428 (Bankr.W.D.Pa.1986); *In re Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986); *In re Leonard,* 55 B.R. 106 (Bankr.D.D.C.1985); *In re Oceanquest Feeder Service, Inc.,* 56 B.R. 715 (Bankr.D.Conn.1986); *In re Waits,* 70 B.R. 591 (Bankr.S.D.N.Y.1987); *In re 19101 Corp.,* 74 B.R. 34 (Bankr.D.R.I. 1987); *In re Ofia Realty Corp.,* 74 B.R. 574 (Bankr.S.D.N.Y.1987); *In re Whilden,* 67 B.R. 40 (Bankr.M.D.Fla.1986); *In re Finley,* 62 B.R. 361 (Bankr.N.D.Ga.1986).

Further support for the conclusion that issues of venue are core proceedings on which the bankruptcy court may enter final orders is found in the recent amendments to the bankruptcy rules. Bankr.Rule 9027(e), amended effective August 1, 1987, provides that "a motion for remand shall be heard by a bankruptcy judge, who shall file a report and recommendation for disposition of the motion." Similarly, Bankr. Rule 5011(b), also amended effective August 1, 1987, provides that "a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion." In contrast, Bankr.Rule 7087, like Rules 9027 and 5011, amended effective August 1, 1987, provides "on motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in [Bankr.] Rule 7019(2)." [7] As noted by the bankruptcy court, the transfer rule does not contain the "report and recommendation" language found in the abstention and remand rules. The court finds this significant and declines to read into Rule 7087 a restriction which is not apparent from the text of the rule itself. Ac-

cordingly, the court concludes that the issue of a transfer is a core proceeding on which the bankruptcy court may properly enter a final order.

## III. WHETHER THE BANKRUPTCY COURT'S DENIAL OF PLAINTIFFS' MOTION TO TRANSFER WAS CLEARLY ERRONEOUS.

■ Having determined that the bankruptcy court acted within its authority in issuing the final order from which this appeal is taken, the court now turns its attention to whether the bankruptcy court's denial of plaintiffs' motion was clearly erroneous.

In considering the change of venue sought by plaintiffs, the bankruptcy court correctly considered the factors enumerated above. In so doing, the bankruptcy court determined that the proximity of the creditors to the court would not be enhanced by a transfer because plaintiffs are residents of California and no other creditors would be affected by the transfer. The debtor is a Georgia resident, so forcing him to litigate in Louisiana would impose an obvious hardship. With respect to proximity of the witnesses, the bankruptcy court noted that while some witnesses may have to come from Louisiana, plaintiffs have failed to demonstrate any particular hardship on the part of any of the potential witnesses, and that only plaintiffs would be benefited by the proposed change of venue. Regarding assets, the bankruptcy court relied upon the trustees' conclusion that there were no assets in which the debtor had enough equity to be considered part of the estate, in Louisiana or elsewhere. Thus, the court correctly concluded that the location of assets was irrelevant. Finally, given that the administration of the estate had been concluded, that factor was also properly deemed irrelevant. The court

---

constitutionally enter a final order in that proceeding. However, a proceeding properly determined to concern the administration of the estate will pass the *Northern Pipeline* analysis and thus may be referred to the bankruptcy court for final disposition. *See In re Thomasson,* 60 B.R. 629, 631 n. 4 (Bankr.M.D.Tenn.1986).

7. Bankr.Rule 7019 applies to joinder of third parties and is thus not applicable to the present action.

**620**

thus determined that plaintiffs had failed to demonstrate that the case should be transferred and denied the motion.

On appeal, plaintiffs have not demonstrated to the court that any of these findings are clearly erroneous.[8] They argue that the debtor has assets in Louisiana, but do not demonstrate that he has any equity in those assets, such that their location militates towards a transfer. Their other arguments on appeal concern the availability of witnesses and the fact that plaintiffs have a similar action pending in Louisiana concerning the debt owed to them by the debtor's former business partner. With respect to plaintiffs' argument that it would be less expensive for plaintiffs to pursue their action in Louisiana, the court agrees with the bankruptcy court's analysis. Plaintiffs *chose* to bring this adversary proceeding. The debtor *must* defend it. The court does not have the responsibility to provide plaintiffs with the most cost-effective forum. It makes more sense for this adversary proceeding to be resolved in the bankruptcy court that has already dealt with the underlying bankruptcy. Further, the bankruptcy court found that the existence of plaintiffs' action against defendants' former business partner did not merit a transfer, and plaintiffs have not given the court any specific reason to overturn those findings.

One potentially meritorious argument raised by plaintiffs is their contention that compulsory service of process will not be available to obtain witnesses' appearance in Georgia. However, they have not demonstrated that compulsory process will be necessary to prove the issues they need to prove in this adversary proceeding. It may be that any live testimony may come from witnesses who are ready, willing and able to come to Georgia. In addition, while the court acknowledges the general preference of live testimony, there is no reason to believe that deposition testimony would be

insufficient or would otherwise create special problems in this case. In any event, should it become evident that compulsory process is vital to present the proof necessary to resolve the dischargeability issue, the parties may bring that to the attention of the bankruptcy court, and the court may reconsider the transfer issue at that time.

## IV. CONCLUSION.

In sum, the court finds that the bankruptcy court's January 5, 1988 order denying plaintiffs' motion for a transfer is not clearly erroneous. Accordingly, it is AFFIRMED.

---

8. As noted previously, plaintiffs apparently chose not to have a transcript of the hearing on their motion made a part of the record on appeal. As it is the plaintiffs' burden to demonstrate that the bankruptcy court's findings were clearly erroneous, the court must weigh any unsubstantiated challenges to the bankruptcy court's findings in favor of the debtor; the plaintiffs, not the debtor, are responsible for the court's inability to review the basis for those conclusions.