GOLDBERG HOLDING CORPORA-
TION and Nelson L. Goldberg,
Plaintiffs,

v.

NEP PRODUCTIONS, INC., NEP Super
Shooters, Inc., Thomas P. Shelburne,
III, and Peter Kozloski, Defendants.

No. 87 Civ. 7659 (MGC).

United States District Court,
S.D. New York.

Nov. 18, 1988.

Feldstein, Grinberg, Stein and McKee by
Stanley Stein, Pittsburgh, Pa., for plain-
tiffs.

Drinker Biddle & Reath by Warren T.
Pratt, J. Portis Hicks, Philadelphia, Pa., for
defendants.

## MEMORANDUM OPINION
## AND ORDER

CEDARBAUM, District Judge.

Defendants, NEP Productions, Inc., NEP
Super Shooters, Inc., Thomas P. Shelburne,
III and Peter Kozloski, filed a petition to
remove this action in the United States
Bankruptcy Court for the Southern District
of New York pursuant to 28 U.S.C. § 1452,
and moved to transfer this action to the
United States District Court for the West-
ern District of Pennsylvania pursuant to 28
U.S.C. § 1412. Although I had serious res-
ervations about the applicability of section
1452 to this case, I referred the motion to
transfer to the Bankruptcy Court, and spe-
cifically sought its expert advice on the
issue of whether this action is related to a
case under title 11 which is pending in the
United States Bankruptcy Court for the
Western District of Pennsylvania, *In re
Total Communication System, Co.*, No.
87–1943 (Bankr.W.D.Pa. July 24, 1987).

Bankruptcy Judge Brozman has issued
carefully considered proposed findings of
fact and conclusions of law. I adopt the
proposed findings of fact. I agree with
Judge Brozman's conclusion that this ac-
tion is related to the bankruptcy case in
Pennsylvania. But for the reasons dis-
cussed below, I have concluded that 28

U.S.C. § 1404, and not 28 U.S.C. § 1412, is the change of venue provision which governs the transfer of an action that is related to a case under title 11. Plaintiffs argue that the factors set out in section 1404 do not support a transfer of this case. After examining the factors listed in section 1404, I reject plaintiffs' contention. Transfer to the Western District of Pennsylvania is therefore granted.

## DISCUSSION

### I. *The Applicability of 28 U.S.C. § 1412*

■ 28 U.S.C. § 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This statute was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("1984 Amendments"). It replaced 28 U.S.C. § 1475 which was repealed by the 1984 Amendments. Section 1475 had been enacted as part of the Bankruptcy Reform Act of 1978, and had provided: "A bankruptcy court may transfer a case under title 11 or a proceeding arising under or *related to such a case* to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." (emphasis added).

While the provision from which section 1412 was derived expressly included civil proceedings related to a case under title 11, the language of section 1412 contains no reference to related proceedings. At least one district court has interpreted the deletion of the phrase "related to such a case" as evidence of Congress' intention that motions to transfer actions that are related to title 11 cases should be controlled by section 1404, the general change of venue provision, rather than section 1412. *United States ex rel. Metal Trims Industries, Inc. v. Klein Construction Co.*, No. 83 C 2146 (N.D.Ill. Oct. 9, 1985) [available on WESTLAW, 1985 WL 3020] (Lexis, Genfed library, Dist file). It is difficult to understand why Congress would have deleted this phrase if this were not its intention. The decisions that have applied section 1412 to related actions have not analyzed the statute. *See, e.g., Howard Brown Co. v. Reliance Insurance Co.*, 66 B.R. 480, 482 (E.D.Pa.1986); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr.E.D.Pa. 1987).

While the express language of section 1412 requires the result I reach, my conclusion is also supported by the purpose of the 1984 Amendments. The 1984 Amendments were passed in response to the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in which the Supreme Court held unconstitutional the broad grant to bankruptcy courts of jurisdiction over proceedings related to bankruptcy cases. Section 1412 reflects Congress' intention to narrow the scope of the bankruptcy courts' jurisdiction by treating civil actions that are related to cases under title 11 differently from cases or proceedings arising under title 11. For change of venue purposes, related actions are to be governed by section 1404, the general change of venue provision for all civil actions, rather than section 1412, the special venue provision for title 11 matters. Relatedness is always a factor to be considered under section 1404.

### II. *Transfer Under 28 U.S.C. § 1404*

■ Pursuant to section 1404, this action may be transferred to the United States District Court for the Western District of Pennsylvania if: (1) venue in the Western District of Pennsylvania is proper; (2) the Western District of Pennsylvania is more convenient for the parties and witnesses; and (3) it is in the interest of justice.

It is uncontested that venue in the Western District of Pennsylvania is proper. As to the second factor, Goldberg Holding Corporation and NEPSK, Inc. (the successor by merger of defendants NEP Productions, Inc. and NEP Super Shooters, Inc.) have their principal places of business in the Western District of Pennsylvania. Of the three individuals who are parties to this action, plaintiff Goldberg and defendant Kozloski both live in western Pennsylvania. The third, Shelburne, who resides in Connecticut, has moved for transfer to Pennsylvania. As to the convenience of the witnesses, most of the relevant business

records are located in the Western District of Pennsylvania, and most of the material witnesses reside there. Defendants have listed nine witnesses who reside in that district, along with a brief description of why they are material to this action. Plaintiffs have pointed to nine witnesses who do not reside in the district. Of the nine, plaintiffs fail to explain the materiality of five. Of the remaining four witnesses, three are employees of moving defendants, and one is the wife of defendant Shelburne who urges transfer. Thus, the convenience of the material witnesses supports transfer of this action to the Western District of Pennsylvania.

With regard to the third section 1404 factor, there are at least two circumstances which demonstrate that the interest of justice will be advanced by transfer of this action to the Western District of Pennsylvania. First, the title 11 case to which this action is related is pending in the United States Bankruptcy Court for the Western District of Pennsylvania. Secondly, the November 19, 1986 agreement upon which this action is based expressly chooses Pennsylvania law as the governing law. Most of the claims in this case are state law claims, and it is in the interest of judicial economy and efficiency to have a federal court sitting in Pennsylvania hear the case.

On the other side of the balance, the only consideration that weighs in favor of venue in New York is the plaintiffs' choice of forum. But when a plaintiff chooses a forum that is not its residence, the plaintiff's choice is not as compelling. *Alexander & Alexander v. Donald F. Muldoon & Co.*, 685 F.Supp. 346, 349 (S.D.N.Y.1988). Moreover, plaintiffs' choice of forum is clearly outweighed by the other factors discussed above.

### CONCLUSION

Defendants' motion to transfer this action to the United States District Court for the Western District of Pennsylvania is granted.

SO ORDERED.