In re THOMSON McKINNON SECURITIES INC. and Thomson McKinnon Inc., Debtors.

THOMSON McKINNON SECURITIES INC., Plaintiff,

v.

Phillip R. WHITE, Defendant.

Bankruptcy Nos. 90 B 10914, 90 B 11805.

Adv. No. 91 ADV. 6031.

United States Bankruptcy Court, S.D. New York.

May 1, 1991.

**834**

Debevoise & Plimpton, New York City, for Thomson McKinnon Securities Inc.

Platzer, Fineberg & Swergold, New York City, for Phillip R. White.

## DECISION ON MOTION FOR CHANGE OF VENUE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Phillip R. White ("White"), the defendant in this adversary proceeding commenced by the Chapter 11 debtor, Thomson McKinnon Securities Inc., has moved for an order pursuant to 28 U.S.C. §§ 1404(a) and 1412, and Bankruptcy Rule 7087, to transfer venue of this action to the Northern District of Texas, Dallas Division. The defendant's motion was made before he served his answer in order to avoid any argument that the service of an answer might constitute a waiver of his objection to venue.

## FACTS

The debtor filed with this court a voluntary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code on March 28, 1990 and continues in business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. This is a liquidating Chapter 11 case.

The debtor is a corporation organized under the laws of the State of Delaware. Defendant, White, is a former employee of the debtor and resides in Dallas, Texas. He received a $52,000.00 loan from the debtor when he commenced his employment with the debtor.

On February 18, 1988, defendant, White, executed and delivered to the debtor a promissory note by which the defendant promised to pay to the order of the debtor, on December 21, 1990, the principal sum of $52,000.00 in three annual installments ending on that date. The note provided that the debtor could declare the note immediately due and payable upon the termination of the defendant's employment by the debtor for any reason, whether voluntary or involuntary, and that upon any default, the defendant would pay the debtor's collection costs, including attorneys' fees.

On January 9, 1989, the defendant voluntarily resigned from the debtor's employ. The debtor thereafter declared the promissory note immediately due and payable.

On March 27, 1989, the defendant executed and delivered to the debtor a check in the amount of $52,000.00 in payment of the obligation under the promissory note. The defendant's check was thereafter dishonored upon presentment. Despite the debtor's demand for payment from the defendant, no such payment has been made. The defendant's indebtedness to the debtor in the sum of $52,000.00 is a matured debt and is payable on demand.

The note provides that it "shall be governed by and construed in accordance with the laws of the State of New York."

## DISCUSSION

Change of venue in core cases under title 11 is governed by 28 U.S.C. § 1412 which provides:

A district court may transfer a case or proceeding *under* title 11 to a district court for another district, in the interest of justice or for the convenience of the parties. (Emphasis added).

A distinction has been drawn between core proceedings included under 28 U.S.C. § 157(b)(2) and non-core cases which are related to cases under title 11 and are referred to in 28 U.S.C. § 157(c)(1). It has been held in this district that motions to transfer actions that are related to title 11 cases should be controlled by 28 U.S.C. § 1404, the general change of venue provision, rather than 28 U.S.C. § 1412 because the latter statute contains no reference to related proceedings. *See Goldberg Hold-*

*ing Corp. v. NEP Productions, Inc.*, 93 B.R. 33 (S.D.N.Y.1988).

The language in 28 U.S.C. § 1404(a) is substantially similar to 28 U.S.C. § 1412 except that it does not refer to cases *under* title 11, but says:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The criteria under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1412 are the same. The court must resolve the venue issue "in the interest of justice" or "for the convenience of the parties." Generally, there is "little reason for distinguishing between the two statutes." *In re Spillane*, 884 F.2d 642, 645 (n. 6) (1st Cir.1989). Additional guidance as to adversary proceedings, as distinguished from entire bankruptcy cases, is found in Bankruptcy Rule 7087, which provides:

On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).

The reference to Rule 7019(2), which relates to the joinder of persons for just determination, is inapplicable to the instant proceeding.

■ The defendant's counsel stated yesterday at the court hearing that 28 U.S.C. § 1404(a) should apply to his venue objection because the debtor's action to recover on his promissory note is a garden variety contract action which does not arise in or under a bankruptcy case and is merely a common law action relating to a bankruptcy case. In support of his position that the debtor's action is a non-core proceeding, the defendant cites this court's decision in *J.T. Moran Financial Corp.*, 119 B.R. 447 (Bankr.S.D.N.Y.1990), recommendations adopted, (S.D.N.Y. 2/21/91, Goettel, D.J.), which held that a breach of contract action was not a core matter. However, it should be noted that Chief Judge Charles L. Brieant, in the Southern District Court, in *In re Leco Enterprises, Inc.*, 125 B.R. 385 (S.D.N.Y.1991), held that an action

to recover an account receivable which was fixed, matured and not disputed until after the case commenced, was a turnover action which should be regarded as a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E). The instant case even more closely resembles a turnover proceeding because the debtor seeks to recover property of the estate, namely, money loaned to the defendant and required to be repaid to the estate. The defendant's promissory note is merely evidence of the defendant's obligation to return the money to the debtor. Therefore, 28 U.S.C. § 1412, which applies to core proceedings, should govern the venue objection, although the criteria applicable under 28 U.S.C. § 1404(a) are no different.

■ As to the authority of the bankruptcy court to transfer venue of an adversary proceeding to another district, it has recently been held in *A.R.E. Mfg. Co., Inc. v. D & M Nameplate, Inc. (In re A.R.E. Mfg. Co., Inc.)*, 124 B.R. 912 (Bankr.M.D.Fla. 1991) that due to the automatic reference under 28 U.S.C. § 157(d)(2)(A), a bankruptcy court is authorized to transfer venue of an adversary proceeding. This is so because motions to transfer venue concern the administration of the estate, and, as such, are core proceedings to which the bankruptcy court may enter final orders. *Storage Equities, Inc. v. Delisle*, 91 B.R. 616, 619 (N.D.Ga.1988). *See In re Texaco*, 89 B.R. 382, 389 (Bankr.S.D.N.Y.1988). Bankruptcy Rule 7087, which relates to transfers of venue, does not contain a "report and recommendation" requirement as found in the abstention and remand provisions in Rules 5011(b) and 9027(e), respectively.

The factors to be considered in determining whether or not the venue of an adversary proceeding should be transferred are the same as those applicable to cases in the district courts and have been articulated by the United States Supreme Court to include:

(1) The relative ease of access to proof;

(2) Availability of compulsory process for obtaining unwilling witnesses;

(3) Cost of obtaining willing witnesses, and

(4) All other problems with respect to making a trial of a case easy, expeditious and inexpensive. *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946).

■ In evaluating these factors, the moving party bears the burden of proof as to a change of venue which must be established by a preponderance of the evidence. *Gulf States Exploration Co. v. Manville Forests Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1390–1391 (2d Cir.1990). Furthermore, "the district in which the underlying bankruptcy case is pending is *presumed to be the appropriate district* for hearing and determination of a proceeding in bankruptcy." *Id.* (Emphasis added).

■ In applying the criteria articulated in 28 U.S.C. § 1412, namely the convenience of the parties and witnesses and in the interest of justice, the following facts must be considered:

1. The debtor is in the process of a Chapter 11 liquidation case, as authorized under 11 U.S.C. §§ 1123(a)(5)(D) and 1123(b)(4). Therefore, all of the debtor's assets for distribution to creditors will be centralized under the aegis of this court. The general policy is to have all proceedings related to a bankruptcy case tried in the court where the case is pending. *In re Nixon Machinery Co.*, 27 B.R. 871 (Bankr. E.D.Tenn.1983). Thus, "the efficient administration of the bankruptcy estate ... cut against transferring venue." *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d at 1391. Although the defendant's expenses would be reduced by a transfer of venue to Texas, the debtor's expenses would be increased. "Where the most important objective, the economic and efficient administration of the debtor's estate is jeopardized, transfer is not appropriate." *In re Lionel Corp.*, 24 B.R. 141, 142 (Bankr.S.D.N.Y.1982).

■ 2. The fact that two witnesses for the defendant reside in Texas does not tip the scales in favor of a transfer to Texas.

William Murphy, one of the two witnesses, signed the promissory note as a witness. A negotiable promissory note payable at definite time stated intervals does not require a witness to make it enforceable or to impugn its validity. *See* N.Y. Uniform Commercial Code § 3–104, dealing with the form of negotiable instruments. The second witness named by the defendant is the attorney who advised the defendant to stop payment on the note. Whether or not the attorney gave the defendant correct legal advice is not a significant issue with regard to the debtor's right to collect on a negotiable promissory note. In any event deposition testimony should suffice, if necessary, because "there is no reason to believe that deposition testimony would be insufficient or would otherwise create special problems in this case." *Storage Equities, Inc. v. Delisle*, 91 B.R. at 620.

3. The debtor states that it has approximately 140 outstanding loans of this nature due from former employees residing in 22 states in the aggregate principal amount of over $5 million. The debtor should not be required to engage in collection suits all over the country in order to assemble its assets for distribution to creditors. A speedy and economic administration of this case points to this forum, where the underlying Chapter 11 case is pending, as the appropriate venue for collecting the debtor's assets.

4. There is another factor which supports the finding that the interest of justice will be advanced if this proceeding is heard in this district. The promissory note in question upon which this action is based expressly provides that the note shall be governed and construed in accordance with New York law. Therefore, it would promote the interest of judicial economy to have a bankruptcy court sitting in New York where the debtor's Chapter 11 case is pending hear this case and the other similar promissory note cases which are governed by New York law. *See Goldberg Holding Corporation v. NEP Productions, Inc.*, 93 B.R. at 35.

5. The defendant has not established by a preponderance of the evidence any suffi-

cient reason why the plaintiff-debtor's choice of forum should be disregarded, other than that it would be more convenient for the defendant to litigate this adversary proceeding in Texas, whereas the debtor would be inconvenienced by having to litigate beyond the forum where its Chapter 11 case is pending. Therefore, the defendant has not rebutted the presumption favoring the home court as the appropriate forum to hear the debtor's adversary proceeding to collect on the promissory note executed and delivered to it by the defendant.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) concerning the administration of the debtor's estate.

2. The defendant has not rebutted the presumption that this adversary proceeding should be litigated in the forum where the debtor's Chapter 11 case is pending.

3. It is not in the interest of justice nor will it serve the convenience of all the parties to transfer venue of this adversary proceeding to the Northern District of Texas, Dallas Division, as requested by the defendant.

4. The defendant's motion pursuant to 28 U.S.C. §§ 1404(a) and 1412, and Bankruptcy Rule 7087, to change the venue of the debtor's adversary proceeding commenced against him is denied.

SETTLE ORDER on notice.