**EDGE PETROLEUM OPERATING COMPANY, INC., Plaintiff,**

v.

**DUKE ENERGY TRADING & MARKETING, L.L.C., Defendant.**

No. CIV.A. H–02–1906.

United States District Court, S.D. Texas, Houston Division.

July 1, 2003.

Barry Allan Brown, Attorney at Law, Houston, TX, for Plaintiff.

John Carlton Wynne, Andrews & Kurth LLP, Houston, TX, for Defendant.

## ORDER

RAINEY, District Judge.

Pending before the Court is Defendant Duke Energy Trading & Marketing, L.L.C.'s ("Duke") Motion to Transfer Action (Dkt. #17). Duke seeks to transfer this action to the Honorable Judge Felsenthal, United States Bankruptcy Judge for the Northern District of Texas, Dallas Division. Having considered the motion, response, and applicable law, the Court is of the opinion that the motion to transfer should be granted.

## BACKGROUND

Edge Petroleum Operating Company, Inc. ("Edge") is a producer of natural gas. Through an agent, Edge sold natural gas to one or more entities (the "Debtors") who then resold the gas to Duke. Duke made payments to the Debtors that it believed were payments for gas it had purchased. However, Duke believes that it overpaid the Debtors for some shipments. Therefore, Duke withheld money from later payments as part of a self-help strategy to recoup the alleged overpayments.

The Debtors then began to file for bankruptcy. Edge alleges that the Debtors never paid it for gas produced and delivered to the Debtors in May and June 2001 and resold to Duke. Edge further alleges that it has a lien on the gas and the proceeds of any sale of the gas. The parties dispute who currently has possession of such proceeds. It appears that Duke sold the gas and is therefore no longer in possession of the gas itself. Edge brought suit against Duke in Texas state court to recover the value of the gas from Duke. Duke claims that it has already given all of the proceeds to the Debtors that are due to the Debtors and has filed claims in the bankruptcy proceedings to recover the rest of its alleged overpayments.

On May 17, 2002, Duke removed the state court action between Edge and itself on the grounds that it was related to the Debtors' bankruptcy actions. On May 23, 2002, Edge moved to remand this action to state court. On October 7, 2002, the Court found that it had jurisdiction over this action pursuant to 28 U.S.C. §§ 1334 and 1452 as an action "related to" bankruptcy proceedings in the Northern District of Texas and denied Edge's motion for remand. Edge then moved for reconsideration of the denial of the motion to remand. Subsequently, Duke moved to transfer this action to the Northern District of Texas where the Debtors' bankruptcy actions are proceeding before the Honorable Judge Felsenthal. The Court denied Edge's motion for reconsideration and affirmed that this action is related to the Debtors' bankruptcy proceedings. The Court will now consider Duke's motion to transfer.

## DISCUSSION

### A. Transfer Standard

28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a).[1] Under § 1404(a), the party

---

1. The parties briefly note that 28 U.S.C. § 1412 may be the more appropriate statute for determining whether to transfer an action that is "related to" a bankruptcy proceeding. Section 1412 applies to "a case or proceeding under title 11." As this case is only related to a proceeding under title 11, the Court is not convinced that § 1412 is more appropriate than § 1404. Regardless, the inquiry is the same under either statute so the Court's anal-

moving for transfer has the burden of demonstrating that a change of venue is warranted. *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996). A district court that has subject matter jurisdiction and is a proper venue may grant a transfer pursuant to § 1404(a), *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

## B. District Where the Action Might Have Been Brought

 The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought." *In re Horseshoe Entm't*, 305 F.3d 354, 357 (5th Cir.2002). An action relating to a bankruptcy may be commenced in the district court in which the case is pending. *See* 28 U.S.C. § 1409. The Court has already determined that this action is related to bankruptcy cases that are currently proceeding in the Northern District of Texas. Therefore, this action could have been brought in the Northern District of Texas and can be transferred there under § 1404(a).

## C. Convenience and Public Interest Factors

 Once a court has decided that the proposed district is a district where the action might have been brought, the only remaining issue is whether the "convenience of parties and witnesses, in the interest of justice" requires the district court to transfer the action to the proposed district. *See In re Horseshoe Entm't*, 305 F.3d at 357. When determin-

ing whether this standard requires the district court to transfer a case pursuant to § 1404(a), courts consider the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Private factors relate to the convenience of the litigants and include such factors as: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the availability and convenience of the witnesses and parties; (5) the place of the alleged wrong; (6) the possibility of delay and prejudice if transfer is granted; and (7) the availability of process to compel the attendance of unwilling witnesses. *See Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. 839; *accord Von Graffenreid, Von Burg, Kaufmann, Winzeler Asset Mgmt. v. Craig*, 246 F.Supp.2d 553, 562 (N.D.Tex.2003). The public interest factors relevant to the transfer analysis include (1) the administrative difficulties resulting from court congestion; (2) the relationship to the litigation of the community from which jurors will be drawn; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *See Gulf Oil Corp.*, 330 U.S. at 508, 67 S.Ct. 839.

### (1) Private Interest Factors

 Edge is the plaintiff and it originally filed the case in a state court located in the Southern District of Texas. However, "[i]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is a factor to be considered, but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 305 F.3d at 359. Edge's choice combined with the fact that

ysis would not be any different if it relied on § 1412. *See* 28 U.S.C. § 1412 (providing that a district court may transfer a case under title

11 "in the interest of justice or for the convenience of the parties").

both Edge and Duke are located in the Southern District tips the scale somewhat in favor of not transferring this action.

In contrast, the Debtors are all located in the Northern District. While the Debtors are not parties, they will be integral to resolving the current dispute. Duke has listed 6 specific Debtor witnesses that are located in the Northern District.[2] As non-party witnesses, the Court is concerned about the possible need to compel their attendance and the mild inconvenience of asking them to travel from Dallas to Houston. Duke has specifically identified non-party witnesses located in the Northern District that it expects to call that may or may not require compulsion. Edge counters that it will not be able to compel its Houston witnesses to go to Dallas. As the witnesses are scattered, some of the witnesses will be outside the 100 mile limit regardless of which district hosts the case. However, Edge has failed to identify any non-party witnesses that it intends to call that might require compulsion. Thus, the witness-related factors are either a draw or else weigh slightly in favor of transferring the case to the Northern District.

Edge argues that the gas was produced in the Southern District and that Duke resold the gas in Houston. Duke argues that the transactions with the Debtors occurred in the Northern District. Thus, relevant events occurred in both districts. Regardless, as the location of the events will not significantly effect this type of case, the location of the events is irrelevant to the decision to transfer the case.

Finally, Duke points out that there are thousands of potentially relevant documents in the possession of the Debtors that are located in the Northern District. The documents in the possession of either Duke or Edge that are located in the Southern District only number in the hundreds. Thus, it is more convenient to have this action proceed in the Northern District where the documents are more accessible and less expensive to transport.

In summary, Edge's choice of forum and the location of Edge and Duke in the Southern District weigh in favor of not transferring this case. The Debtors are located in the Northern District though. The convenience and location of witnesses and the location of the relevant documents weigh weakly in favor of transferring this case to the Northern District. The location of the events does not affect the analysis. As this is likely to be a case that revolves primarily around witness testimony and documents, the Court finds the witness and document factors deserve more weight in its analysis. Thus, overall, the private interest convenience factors weigh slightly in favor of transferring the case to the Northern District.

(2) **Public Interest Factors**

Most of the public interest factors do not counsel in favor of either transferring this case to the Northern District of Texas or keeping it in the Southern District of Texas. There is no evidence that either court is more congested than the other. The judgment will be equally enforceable in either district. The community in the Northern District has an interest in any

---

**2.** Edge spends most of its brief arguing that any information regarding the Debtors, Debtor witnesses, or Debtor convenience is irrelevant because this action is not "related to" their bankruptcy proceedings. However, subsequent to the filing of Edge's brief, the Court denied Edge's motion to reconsider its earlier ruling and affirmed that this action is related to the Debtors' bankruptcy proceedings. Therefore, the Court declines to address these arguments and proceeds on the assumption that the Debtors will be relevant to this action.

litigation which could affect the property of the Debtors who are headquartered there, but the community in the Southern District also has an interest in a commercial dispute between two energy businesses located in the Southern District. As both districts are in the state of Texas, there are no choice of law issues raised by a possible transfer.

However, the public's interest in judicial efficiency and maximizing the use of public and private resources strongly weighs in favor of transferring this case to the Northern District of Texas. The litigation surrounding the Debtors' bankruptcy proceedings involves numerous parties. The proceedings have been progressing in the Northern District for some time and continue to move forward. Keeping all disputes regarding the same or related transactions in the same district where the judge is already familiar with the parties and the events increases efficiency. Not only is the amount of duplicated effort on the part of the parties and the judiciary decreased, but keeping all of the related disputes together removes the danger of one action unproductively interfering with the other. It also helps avoid the hazard of inconsistent adjudications that can result from parallel and/or piecemeal litigation.

Accordingly, the public interest factors ultimately weigh very heavily in favor of transferring this case to the Northern District. As the private factors also weighed slightly in favor of transferring the case, the Court finds that Duke has met its burden of showing that this case should be transferred to the Northern District of Texas.

## CONCLUSION

For the reasons given above, Duke's motion to transfer is GRANTED. The case is hereby transferred to the Northern District of Texas, Dallas Division.

It is so ORDERED.