The CITY OF LIBERAL, KANSAS, A Kansas municipal corporation, Plaintiff,

v.

TRAILMOBILE CORPORATION, Gemala Industries Limited, Gemala Industries, Ltd. B, Edward Wanandi, and Froggatte & Company, f/k/a Froggatte & Herndon Capital Corporation, Defendants.

No. 04–1300–JTM.

United States District Court, D. Kansas.

Oct. 22, 2004.

Daniel C. Sullivan, Sullivan, Hincks & Conway, Oak Brook, IL, Kerry E.

McQueen, Sharp, McQueen, McKinley, McQueen and Dodge, PA, Liberal, KS, for Plaintiff.

Thomas L. Campbell, Kirkland & Ellis, Chicago, IL, William J. Graybill, Graybill, Witcher & Ambrosier, Elkhart, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

This is an action by the City of Liberal, Kansas against the owners and advisors of a company that had contracted to use a refrigerated trailer plant constructed by the City. The matter, which was recently removed from Seward County, Kansas District Court, is before the court on competing motions. Defendants have moved to transfer the action to the United States District Court for the Northern District of Illinois, where a bankruptcy case along very similar grounds is proceeding. (Dkt. No. 2). Liberal has moved to remand the action to Seward County. (Dkt. No. 9).

For the reasons stated herein, the court will grant the motion to transfer.

**Facts**

Liberal contracted with Trailmobile Trailer, LLC, and agreed to provide financing for the construction of a plant for the manufacture of refrigerated trailer liners. According to defendants, the project failed because of Liberal's delay in building the plant and a downturn in the need for refrigerated trailers. The defendants claim this failure forced Trailmobile to seek Chapter 11 bankruptcy protection. According to plaintiff, the project died because it was the product of a fraud and conspiracy of the defendants.

The equity interests in Trailmobile Trailer, LLC, were held by the defendants in this litigation: Trailmobile Corporation,

Gemala Industries Limited ("Gemala"), and Gemala Industries Limited B ("GIL B"). Edward Wanandi is the sole shareholder of Trailmobile Corporation, and also owns Gemala and GIL B.

Trailmobile Trailer, LLC, became a Chapter 11 debtor in Case 01–43820, filed in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") on December 12, 2001.

Shortly after Trailmobile filed for bankruptcy protection, Liberal filed two proofs of claim in the Bankruptcy Court against the estate of Trailmobile claiming amounts owed by Trailmobile for Trailmobile's breach of a lease agreement entered into with Liberal.

The plaintiff City of Liberal advanced a proceeding that was tried to judgment before the Bankruptcy Court in February of 2002. The City lost at trial and appealed the decision of the Bankruptcy Court.

On May 15, 2002, Liberal filed a Petition in the District Court of Seward County, Kansas, against Trailmobile Corporation, Gemala Industries Limited, Gemala Industries Limited B, Edward Wanandi and Froggatte & Company f/k/a Froggatte & Herndon Capital Corporation. Liberal's original theory was that losses in its business transaction were due to a conspiracy by Trailmobile Corporation, Gemala, GIL B, and Wanandi to defraud Liberal and "shift the burden of liability to a shell corporation named Trailmobile Trailer, LLC." (Def. Exh. A, Original Compl. at ¶ 1). Liberal seeks to recover all of the unpaid lease payments, a total of $17,674,239, as well as its costs.

On January 16, 2003, the Bankruptcy Court confirmed a Joint Plan of Liquidation. In the Plan, the Committee (of which the City is a member) retained authority to prosecute any causes of action against entities related to Trailmobile Trailer, LLC, including the defendants, in the Kansas state court case. Notice of Removal, Plan § 8.12(b). All other claims—including the claims raised by the City in this case—were barred.

The Committee is now prosecuting an adversary proceeding against Trailmobile Corporation, Gemala, and GIL B, seeking to recover from the defendants certain allegedly fraudulent conveyances made by Trailmobile Trailer, LLC, through several inter-company agreements, specifically: (1) a Trademark License Agreement between Trailmobile Corporation and the debtor, under which Trailmobile Corporation permitted the debtor to use its Trailmobile trademarks in exchange for certain payments; (2) a Tax Sharing Agreement under which the debtor agreed to compensate its members for taxes that would be attributable to members of an LLC; and (3) a Management Services Agreement under which Trailmobile Corporation divided up certain administrative expenses among its subsidiaries based on their use of those services.

On August 5, 2004, the United States District Court for the Northern District of Illinois affirmed the dismissal of the complaint brought by the City in the Bankruptcy Court. *City of Liberal, Kan. v. Trailmobile Trailer, L.L.C.*, No. 02–A–0079, 2004 WL 1794479 (N.D.Ill. Aug.5, 2004).

On August 9, 2004, Liberal sent to the defendants and filed with the Kansas state court a motion for leave to amend its petition in the state court case. Liberal stated it had "numerous additional causes of action against the Trailmobile Defendants." (Notice of Removal, at 2). The new issues cited by the City are substantially the same as the dismissed claims in Illinois, challenging the Tax Sharing Agreement, the Management Services

Agreement, and the Trademark Licensing Agreement between Trailmobile Corporation and Trailmobile Trailer, LLC. Liberal contends that the defendants conspired to use the bankruptcy code and to wrongfully obtain a discharge of debts, which are superficially the debts of Trailmobile Trailer but in reality debts of the defendants. Prior to the notice of a request for leave to amend, the state action had been stayed for nearly a year.

The Illinois adversary proceeding is scheduled for trial on November 1, 2004.

On September 8, 2004, defendants filed their Notice of Removal with this court, requesting removal of the proceeding from the District Court of Seward County, Kansas, to this court. That same day, defendants filed with the District Court of Seward County, Kansas, their Notice to State Court of Removal of Civil Action to Federal Court.

By and through this motion, the defendants seek an order, pursuant to Section 1412, transferring the proceeding to the Northern District of Illinois.

**Conclusions of Law**

■ The present matter clearly "relates to" the ongoing Illinois bankruptcy proceedings. 28 U.S.C. § 1334(b). A proceeding is related to a bankruptcy, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir.1990). Here Liberal alleges that the relations among the various Trailmobile entities were a fraud, and reflect a conspiracy to hide the real assets of Trailmobile Trailer, the debt-

or. Liberal specifically alleges that a part of this scheme was to fraudulently "use behind the bankruptcy code" to avoid responsibility. (Plf. Am. Petition, at ¶ 170). The particular financial agreements among the Trailmobile defendants which are cited as evidence of the fraud—the Trademark License Agreement, the Tax Sharing Agreement, the Management Services Agreement—are precisely the same agreements which are the focus of the adversary proceeding currently receiving the attention of the bankruptcy court. The court finds that the present matter is related to the Illinois bankruptcy proceeding.[1]

■ The balance of interests clearly support a transfer, both for the convenience of the parties and in the interests of justice. With respect to the former, all of the parties in the present action are also appearing in the Illinois proceeding, with the exception of defendant Froggatte & Company. According to the defendants' Motion to Transfer, Froggatte consents to the transfer. The bankruptcy proceeding is being advanced now, while the Seward County action has been dormant for nearly a year. The convenience of the parties will be materially advanced by the treatment of these claims in one forum.

The interests of justice also support transfer. Resolving these claims in one forum would promote judicial economy, the Northern District of Illinois Bankruptcy Court is already familiar with many of the issues in the present case, and there is a substantial similarity in many of the claims advanced.

The court notes that the parties dispute which statute controls the transfer. Defendants invoke 28 U.S.C. § 1412; Liberal contends transfer can only be achieved

---

1. Because the court finds that the present matter is "related to" the Illinois bankruptcy proceeding, and further finds that the matter should be transferred to the Northern District

of Illinois, the court need not resolve the additional argument advanced by the defendants that the present matter is also a "core" proceeding.

pursuant to 28 U.S.C. § 1404(a). There is a split of authority on the issue. Some courts maintain that transfer of actions "related to" bankruptcy proceedings is governed by § 1412. *See In re Bruno's,* 227 B.R. 311, 323 (Bankr.N.D.Ala.1998); *Storage Equities v. Delisle,* 91 B.R. 616 (N.D.Ga.1988); *In re Harnischfeger Industr.,* 246 B.R. 421 (Bankr.N.D.Ala.2000); *Wittes v. Interco Inc.,* 139 B.R. 718 (Bankr.E.D.Mo.1992); *Twyman v. Wedlo, Inc.,* 204 B.R. 1006 (Bankr.N.D.Ala.1996); *SBKC Service Corp. v. 1111 Prospect Partners,* 204 B.R. 222 (Bankr.D.Kan.1996); *In re Waits,* 70 B.R. 591 (Bankr.S.D.N.Y. 1987); *In re Oceanquest Feeder Serv.,* 56 B.R. 715 (Bankr.D.Conn.1986); *Burlingame v. Whilden,* 67 B.R. 40 (Bankr. M.D.Fla.1986); *General Instrument Corp. v. Financial and Bus. Serv.,* 62 B.R. 361 (Bankr.N.D.Ga.1986); *McLemore v. Thomasson,* 60 B.R. 629 (Bankr.M.D.Tenn.1986). Other courts maintain that § 1404(a) controls. *See Rumore v. Wamstad,* No. 01–2997, 2001 WL 1426680, at *2 (E.D.La. Nov.13, 2001); *Tultex Corp. v. Freeze Kids, L.L.C.,* 252 B.R. 32 (S.D.N.Y.2000); *Ni Fuel Co., Inc. v. Jackson,* 257 B.R. 600, 623 (N.D.Ok.2000); *Jackson v. Venture Dept. Stores, Inc.,* 1998 WL 778057, *2 (N.D.Ill.1998); *Searcy v. Knostman,* 155 B.R. 699 (S.D.Miss.1993); *Murray, Wilson and Hunter v. Jersey Boats,* No. 91–7733, 1992 WL 37516, at *3 (E.D.Pa. Feb.21, 1992); *In re JCC Capital Corp.,* 147 B.R. 349 (Bankr.S.D.N.Y.1992); *In re Thomson McKinnon Securities,* 126 B.R. 833, 834–35 (Bankr.S.D.N.Y.1991); *Goldberg Holding Corp. v. NEP Productions,* 93 B.R. 33, 34 (S.D.N.Y.1988); *United States for the Use of Metal Trims Industries, Inc. v. Klein Construction,* No. 83–2146, 1985 WL 3020 (Oct. 9, 1985). Interestingly, courts have reached different conclusions as to which interpretation constitutes the majority view. *Cf. In re Bruno's,* 227 B.R. at 323 (majority of cases use § 1412 transfers), *with Rumore,* 2001 WL 1426680, at *2 ("most courts" hold § 1404 governs transfer or "related to" actions).

■ The court need not resolve the matter since it finds that transfer is appropriate under either statute.[2] The only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally. Even if the court were to view the present transfer as being controlled by § 1404(a), the court finds that this, contrary to the suggestion of plaintiff that venue would not be permissible in Illinois, would be no bar to transfer. Under 28 U.S.C. § 1409, an action related to a bankruptcy proceeding can be brought in the district where the bankruptcy case is pending. *Edge Petroleum Operating Co. v. Duke Energy Trading & Mktg.,* 311 B.R. 740, 742 (S.D.Tex. 2003).[3]

■ Because the matter is related to a bankruptcy proceeding, because venue is permissible in the Northern District of Illinois, and because the convenience of the

---

**2.** If the court were to resolve the matter, it would find that § 1412 controls, and find that the line of decisions exemplified in *In re Bruno's* is the more persuasive. As that court noted, this interpretation is supported on two grounds. The plain language of § 1412 provides that it applies to a change of venue of a Title 11 Bankruptcy case or proceeding, while § 1404(a) refers generally only to a "civil action." Moreover, Fed.R. Bankr.7087, which deals with removed adversary proceedings explicitly references § 1412 rather than § 1404(a).

**3.** Further, as noted earlier, defendants have affirmatively represented, and no party has objected to this representation, that Froggatte (the only party unrelated to the Trailmobile group of defendants) has affirmatively consented to the transfer.

parties and the interests of justice support a transfer, the court will grant the defendants' motion. The validity of the motion to remand is properly determined by the transferee court.

The weight of authority, including several decisions of this Court, provide that, where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.

*Hohl v. Bastian*, 279 B.R. 165, 177 (W.D.Pa.2002). *See In re Allegheny Health, Education and Research Foundation*, Case No. 98–25773, 1999 WL 1033566, at *1 (Bankr.E.D.Pa. Nov.10, 1999); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366–68 (Bankr.E.D.Pa.1984); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723–25 (Bankr.W.D.Pa.1982); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr.E.D.Pa.1987); *In re Gross Metal Products*, 1997 WL 778756, *1, 1997 Bankr.LEXIS 2041, *2 (Bankr.E.D.Pa. Dec.16, 1997).

IT IS ACCORDINGLY ORDERED this 22d day of October, 2004, that the defendants' Motion to Transfer (Dkt. No. 2) is granted.