**In re Billy Jason HARWELL, Debtor.**

**Lynn H. Martinez, Chapter 7 Trustee, Plaintiff,**

**v.**

**Steven D. Hutton and Steven D. Hutton, P.L., a Florida limited liability company, Defendants.**

**Bankruptcy No. 05–41744 ABC.**
**Adversary No. 07–1723 ABC.**

United States Bankruptcy Court, D. Colorado.

Feb. 12, 2008.

---

Philip A. Pearlman, Denver, CO, for Plaintiff.

A. Craig Fleishman, Brian R. Reynolds, Denver, CO, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue ("Motion") filed by Defendants Steven D. Hutton and Steven D. Hutton, P.L. ("Defendants") and the Response filed by Plaintiff Lynn Martinez ("Trustee" or "Plaintiff"). The Court has considered the Motion and the Response as well as the file in this adversary proceeding and finds as follows:

### I. BACKGROUND

This adversary proceeding concerns certain transfers by the Debtor prior to the filing of his Chapter 11 bankruptcy. The Trustee alleges that the Debtor received $500,000 in connection with the settlement of a dispute concerning his interest in two Florida businesses and that the settlement funds were paid to the Debtor's attorney in Florida, Steven D. Hutton, and/or Mr. Hutton's law firm. The funds were deposited in the firm's trust account. The settlement proceeds were then allegedly disbursed by Defendants to 19 different payees, including the Debtor, his wife and father, attorneys for the Debtor, and other creditors. The Trustee alleges that the disbursements were made with the actual intent to defraud Tom Clay Hill ("Hill"), a creditor of the Debtor who was trying to collect a large judgment against the Debtor at the time the funds were transferred. The Trustee has sued Defendants to avoid and recover the transfers as fraudulent transfers and/or preferential payments. She has also asserted claims against Defendants for aiding and abetting fraudulent transfers, civil conspiracy, and legal malpractice.

Defendants move to dismiss this adversary proceeding under Fed.R.Civ.P. 12(b)(2), arguing that the Bankruptcy Court for the District of Colorado does not have personal jurisdiction over them because they did not transact business or commit a tort in Colorado. Thus, Defendants argue, the exercise of jurisdiction by the bankruptcy court in Colorado is unconstitutional under the Fourteenth Amendment.[1] Alternatively, Defendants argue that, in the interests of justice and for the convenience of parties and witnesses, venue of this adversary proceeding should be transferred to the District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1404 and/or 1412.

Plaintiff counters that this adversary proceeding is "related to" a bankruptcy case.[2] Therefore, the personal jurisdiction

---

1. This adversary proceeding invokes "federal question" jurisdiction under 28 U.S.C. § 1334(b). Therefore, the "sovereign" exercising jurisdiction over Defendants is the United States, not the State of Colorado, and the constitutionality of the jurisdiction must be tested against the Fifth Amendment, not the Fourteenth. *See, Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir.2000).

2. 28 U.S.C. § 1334(b) states in relevant part:

conferred by service of process under Bankruptcy Rule 7004(d) and (f) is constitutional as long as Defendants have sufficient contacts in the United States, as opposed to the state in which this federal court sits. Under the test advanced by Plaintiff, referred to as the "national contacts test" and adopted by the Courts of Appeal in *Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233, 1244 (7th Cir.1990); *In re Federal Fountain, Inc.,* 165 F.3d 600, 601 (8th Cir.1999); and *In re Celotex Corp.* 124 F.3d 619, 630 (4th Cir.1997), any defendant who resides in or who conducts business in the United States is subject to personal jurisdiction in any United States Court in adversary proceedings "related to" a bankruptcy case.

Plaintiff further argues that there is a strong presumption in favor of retaining related adversary proceedings in the "home court" where the underlying bankruptcy case is pending and also that there is a presumption in favor of maintaining litigation in Plaintiffs choice of forum. Plaintiff contends that Defendants' arguments for transfer of venue fail to overcome these presumptions and that venue of this adversary proceeding should remain in this Court.

## II. DISCUSSION

### A. Personal Jurisdiction

■ The Tenth Circuit has not specifically ruled on the question of whether the national contacts test applies to personal jurisdiction in adversary proceedings which are related to a bankruptcy case. In an ERISA case, involving a statute which allowed nationwide service of process, however, the Tenth Circuit rejected the national contacts test, stating that, in

its view, "due process requires something more." *Peay v. BellSouth Medical Assistance Plan,* 205 F.3d 1206,1211 (10th Cir. 2000). The Tenth Circuit in *Peay* adopted a test used by the 11th Circuit in a RICO case, *Republic of Panama v. BCCI (Luxembourg) S.A.,* 119 F.3d 935 (11th Cir. 1997), and held that,

in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant. In other words, the Fifth Amendment "protects individual litigants against the burdens of litigation in an unduly inconvenient forum."

*Peay,* 205 F.3d at 1212, quoting *Republic of Panama,* 119 F.3d at 945.

■ While it rejected the national contacts test in *Peay,* the test adopted by the Tenth Circuit places a heavy burden on the defendant to demonstrate "that his liberty interests actually have been infringed." *Id.* The Tenth Circuit emphasizes that the test is a "broad standard" which a defendant can meet only by showing that the plaintiff's choice of forum makes "litigation *so gravely difficult and inconvenient* that he unfairly is at a *severe disadvantage* in comparison to his opponent." *Id.,* quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis added). "It is only in *highly unusual cases* that inconvenience will rise to a level of constitutional concern," *Peay,* 205 F.3d at 1212–13, quoting *Republic of Panama,* 119 F.3d at 947 (emphasis added).

■ In determining whether the defendant has met his burden to show sufficient

[T]he district courts [on referral to bankruptcy judges pursuant to 28 U.S.C. § 157(a)] shall have original but not exclu-

sive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

inconvenience, the following factors should be considered:

(1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Peay*, 205 F.3d at 1212, citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191, 203 (E.D.Pa.1974).

■ Even if the defendant successfully demonstrates constitutionally undue inconvenience, the court may still have personal jurisdiction, but "only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant." *Peay*, 205 F.3d at 1213, quoting *Republic of Panama*, 119 F.3d at 948. In analyzing whether a defendant's liberty interests may be infringed in furtherance of a governmental interest, the court, again quoting from *Republic of Panama*, states that:

courts should examine the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy. Where ... Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives.

*Id.*

■ Given the extraordinarily high burden placed on Defendants by the *Peay* test, the Court finds that they have failed to demonstrate that the inconvenience they will suffer in litigating this matter in Colorado rises to the level required to demonstrate a constitutionally significant infringement on their Fifth Amendment rights.

In reaching this conclusion the Court has considered the *Peay* factors, beginning with the fact that Defendants' contacts with Colorado are limited to their representation of the Debtor (a Colorado resident) and communications with the Debtor in Colorado. The Court notes, however, that Defendants certainly were aware, or should have been aware, that their representation of the Debtor would have effects in Colorado. Plaintiff asserts that seven of the entities to whom Defendants transferred funds were residents of Colorado and that Defendants' work for the Debtor involved litigation to prevent a Colorado resident (Hill) from garnishing the Debtor's settlement proceeds.

The Court has also considered the extent of inconvenience to Defendants in litigating this case 1900 miles from their place of residence. Though the distance in terms of miles is long, the realities of communications technology and modern litigation practice substantially reduce the burden of the distance. In this case, especially, the distance should not present as great an inconvenience where it appears that both parties have access to relevant documents, and many of the basic facts

regarding the transactions at issue are undisputed.[3] Defendants have already retained counsel in Colorado, so access to counsel is not a factor. Neither judicial economy nor the situs of discovery lean in Defendants' favor, and, at best, these factors are neutral.

Finally, the regulated activity in question is administration of a bankruptcy case which, by its nature, involves the resolution, in one centralized forum, of competing claims and interests arising from activities which may have occurred throughout the United States. This factor supports the finding that personal jurisdiction over Defendants is constitutional.

Defendants have not met their initial burden to show that the inconvenience of litigating this case in Colorado will place them at a gravely unfair severe disadvantage. It is, therefore, not necessary to address the second part of the *Peay* test. Defendant's Motion to Dismiss under Fed. R.Civ.P. 12(b)(2) will be denied.

### B. Transfer of Venue

Venue of adversary proceedings is governed by 28 U.S.C. § 1409. According to subsection (a) of this section, a proceeding "arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Therefore, venue is proper in the District of Colorado.

■■■■■ Transfer of venue is addressed in 28 U.S.C. § 1412 which refers to transfer of cases or proceedings under title 11, and provides that, "[a] district court may transfer a . . . proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[4] Transfer of venue is discretionary and the moving party must establish its burden by a preponderance of the evidence. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). Among the factors to consider are: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local

---

3. See paragraphs 18–31 of the Affidavit of Steven D. Hutton, Exhibit "A" to Defendants' Motion to Dismiss.

4. Some courts have held that transfer of adversary proceedings "related to" a bankruptcy case is governed by 28 U.S.C. § 1404(a) because 28 U.S.C. § 1412 does not specifically refer to proceedings "related to" a case under Chapter 11. That notwithstanding, this court concludes that the phrase "proceedings under title 11" appearing in 28 U.S.C. § 1412 includes matters "related to" as well as matters "arising under" or "arising in" cases under title 11, consistent with the bankruptcy court's jurisdictional mandate found in 28 U.S.C. § 1334(b), as quoted in footnote 2, *supra*. The split of authority concerning the applicability to bankruptcy adversary proceedings of the bankruptcy venue statute or the general venue statute in title 28 (i.e., § 1412 vs. § 1404) is analyzed in *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 361–63 (D.Kan.2004). While this court agrees with the cases holding that transfer of venue of "related to" adversary proceedings is controlled by 28 U.S.C. § 1412, in reality, the language of the statutes and the factors to be considered in analyzing whether transfer is warranted are nearly identical. The only substantial difference is that under 28 U.S.C. § 1404(a), venue may be transferred only to a district where the action might have originally been brought. In this adversary proceeding, the majority of Plaintiff's claims could have been brought in the Middle District of Florida under 28 U.S.C. §§ 1409(c) and 1391(a).

law; and all other considerations that make a trial easy, expeditious and economical. *Id.* at 1516. Courts have also considered the locus of operative facts and the relative familiarity of the court with the applicable law. *See, Official Committee of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* 306 B.R. 746, 749–50 (S.D.N.Y. 2004).

 Factors that have been afforded particular emphasis in the context of adversary proceedings in bankruptcy are: (1) the economic administration of the bankruptcy estate; (2) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (3) judicial efficiency; (4) ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders; (6) enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum. *Shaver v. Orthodontic Centers of Colorado, Inc.,* 2007 WL 38665 * 2 (D.Colo.2007), citing *Blanton v. IMN Financial Corp.,* 260 B.R. 257, 267 (M.D.N.C.2001).

In this case, the presumption in favor of trying adversary proceedings in the same court as the main case weighs in favor of retaining the case in Colorado. The convenience of witnesses is fairly evenly split; the parties have identified important witnesses who reside in both venues. For Plaintiff, both the Debtor and Hill reside in Colorado. Defendants reside in Florida as would any likely expert for either side on the standard of care issues which will be important to Plaintiff's malpractice claims. The fact that the actions leading to the Trustee's claims all occurred in Florida supports transfer of venue, as does the potential significance of issues of Florida law, not only with respect to malpractice, but also with respect to Plaintiff's aiding and abetting and conspiracy claims.

Though it is a close question, the Court is persuaded that the importance of Florida law as well as the fact that all of the operative facts leading to this proceeding occurred in Florida sufficiently outweigh any "home court" or "plaintiff's choice" presumptions, such that the interests of justice and the convenience of parties will be best served by transferring venue of this adversary proceeding to the District Court for the Middle District of Florida. It is accordingly

ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is denied; it is

FURTHER ORDERED that Defendants' Motion to Transfer Venue is granted. Venue of this adversary proceeding is hereby transferred to the Bankruptcy Court for the Middle District of Florida.